## KUHN v. THE C., R. I. & P. R. Co.

1. **Railroads: CONTRIBUTORY NEGLIGENCE: INJURY TO STOCK.** That the owner of stock permits it to run at large in the vicinity of a railway crossing which he knows to be dangerous, does not constitute negligence which will defeat his recovery for injuries to the stock caused by the negligence of the railway company. Overruling, in part, *Gribble v. The City of Sioux City*, 38 Iowa, 390.

2. ———: ———: ———. The owner of the stock has the right to expect that the railway company will exercise ordinary care to prevent injury to his property, both in the construction of crossings and in the operation of its train.

3. ———: ———: ———. It is proper for the jury to be instructed that if a crossing is more than ordinarily dangerous, they should consider that circumstance in determining whether the railway company used reasonable care in the operation of its train when the cause of action arose.

*Appeal from Pottawattamie District Court.*

WEDNESDAY, MARCH 22.

THIS is an action to recover damages for the killing of two cows and a two-year old steer. Plaintiff relies only upon the facts stated in the second count of the petition, which are as

follows: "Plaintiff further says that the said stock, so as afore-said killed, was so killed on account of the negligence and carelessness of the said defendant, its officers, agents, servants and employes, in that they carelessly and negligently run and operated the said locomotive and train of cars whereby the said cattle were killed as aforesaid. Plaintiff says said claim is his property, due and unpaid, and he therefore demands judgment for said sum of two hundred dollars."

The answer denies the allegations of the petition, and alleges that the stock were killed upon a public crossing of a highway. There was a jury trial and a verdict and judgment for plaintiff for one hundred and fourteen dollars and twenty-five cents. The defendant appeals. The material facts are stated in the opinion.

*Baldwin & Wright*, for appellant.

When an injury occurs by the equal negligence of both parties, there can be no recovery. (*O'Keefe v. C., R. I. & P. R. Co.*, 32 Iowa, 467.) When a party contributes by his own negligence to the injury, he cannot recover therefor. (*Daggett v. Ill. Cen. R. Co.*, 34 Iowa, 285.) Instructions should not be given upon issues not raised in the pleadings. (*Smith & Wilson v. Bristol*, 33 Iowa, 26.) When a verdict is unsupported by evidence, a new trial should be granted. (*Soward v. C. & N. W. R. Co.*, 30 Iowa, 552.) Plaintiff has the burden to establish the negligence of defendant by affirmative proof. (*Goudy v. C. & N. W. R. Co.*, 30 Iowa, 420.) The giving of signals of the approach of trains at crossings by ringing the bell or blowing the whistle is not required by our statute. (*Artz v. C., R. I. & P. R. Co.*, 34 Iowa, 153.)

*Sapp & Lyman*, for appellee.

A man is bound to so use his own property as not to injure the property of another. Though he do a lawful thing, yet if any damage thereby befalls another which he could have avoided by reasonable and proper care, he must make reparation. (*Kerwhacker v. C., C. & C. R. Co.*, 3 Ohio St., 172.)

DAY, J.—I. The cattle were killed on a public crossing by the accommodation freight train going west. The evidence shows that for a considerable distance east of where the accident occurred the railroad runs north of and parallel to the highway, occupying a portion of its width. At the point of the accident the highway turns abruptly north and crosses the railroad. The distance between the cattle-guards at this crossing is about sixty feet. Of this a space of not more than eighteen feet in width is placed in a proper condition for crossing. Outside of this space of eighteen feet the railroad is above the grade of the highway, and a ditch extends along the side of the railroad so that it is very difficult to cross there. The plaintiff had knowledge that his cattle were in the habit of crossing the railroad at this place for water.

The defendant assigns as error the refusal of the court to give, at its request, the following instructions: "1. If the jury find from the evidence that the plaintiff knew that his stock was in the habit of frequenting the crossing where the stock in question was killed, and unattended, and knew that said crossing was a dangerous place for his stock to go across unattended, it became the plaintiff's duty to be more diligent in his efforts to keep his stock off from said crossing at the time when defendant's trains were due at and passing over said crossing. And if the defendant knew of this habit of plaintiff's stock of frequenting this crossing, it would require greater care and skill on its part. Yet if neither the plaintiff nor the defendant used greater care, they were equally negligent, and the plaintiff cannot recover."

"2. If the jury find from the evidence that the public crossing, where the stock in question was killed, was one of more than ordinary danger, and that the plaintiff knew that said crossing was one of more than ordinary danger, and that his stock was in the habit of going over said crossing daily and unattended, and used no greater care to prevent an injury to his stock at said crossing at the time of the injury than would be required of them at a less dangerous crossing, and if the jury further find from the evidence that the defendant used no more than ordinary care and diligence in running

and operating its train at the time of the injury, then the plaintiff and defendant were equally negligent and the plaintiff cannot recover." These instructions were properly refused.

The proposition of law which they embrace is that if plaintiff knew the crossing was dangerous and that his cattle frequented it, he was guilty of contributory negligence in permitting his cattle to run at large unattended, and cannot recover. The plaintiff had the legal right to permit his cattle to run at large. On doing so he run the risk of all injuries not resulting from defendant's negligence.

1. RAILROADS: contributory negligence: injury to stock.

But he had a right to expect and demand that the railroad company, both in the construction of public crossings, and in the operation of its trains, would exercise ordinary care to prevent injury to his property.

2. ——: ——:

The exercise of a mere legal right surely cannot be negligence. Nor can the railroad company by the neglect of its duty abridge the legal rights of the public. If it is negligence for the farmer, who knows that his cattle frequent a dangerous crossing, to permit them to run at large unattended, then the railroad company may, by constructing its crossings in a notoriously dangerous manner, compel farmers in the vicinity to restrain their cattle within inclosures, and thus deprive them of the right which the law gives to permit them to run at large.

The only point really determined in *Smith v. C., R. I. & P. R'y Co.*, 34 Iowa, 506, is that a party cannot turn out his cattle and permit them to frequent a place of great peril on the depot grounds and track of a railroad company, not made dangerous by the negligence of the company, and then demand of the company the exercise of more than reasonable care to prevent injury.

It was not intended to decide that the person who so turned out his cattle was guilty of contributory negligence, and could not recover, notwithstanding the negligence of the defendant. This is apparent from the opinion, which employs the following language: "If the injury to the cattle was caused by the

negligence of those having charge of the train, and which injury might have been avoided by the use of ordinary care and diligence, then, of course, the plaintiff might recover."

In the case of *Gribble v. The City of Sioux City*, 38 Iowa, 390, the plaintiff turned his mare loose in the vicinity of a dangerous excavation, into which she fell, and was killed. It was held that this was an act of negligence contributing to the injury. But this is quite different from simply permitting an animal to be at large unattended, knowing that it frequents a dangerous place.

But in so far as the opinion in that case seems to recognize the doctrine that it was an act of negligence for the plaintiff to permit his mare to be at large, because of the provisions of Chap. 144, Laws of 1868, and Chap. 26, Laws of 1870, we are of opinion upon further examination and mature consideration that it is erroneous.

These statutes do not make it unlawful for stock to run at large. They simply provide that the owner of stock at large shall be liable for the damage it does. Aside from this liability, stock has the right to be at large under these statutes, and is entitled to protection, and the owner can recover for injuries done to it by the negligence of others, to which his own negligence does not contribute.

II. The court instructed the jury as follows: " And if the defendant, in constructing its road at the crossing of said highway, left the same in such condition as to increase the liability to accidents of the character complained of, then they would be bound to run their trains at that point with reference to such increased liability to accident; and they should consider such circumstances, if it be established by the evidence, in determining whether reasonable care and diligence was used by defendant at the time complained of." The only objection urged to this instruction is that it is not pertinent to the issue. It is urged that the petition does not seek to hold defendant liable for a defective crossing, but simply for negligence in operating its train. This is true. But it is to be observed that this instruction does not direct the jury to consider the condition of the cross-

ing as substantive evidence of negligeuce, but to consider it simply in determining whether defendant used reasonable care and diligence at the time complained of. The instruction is not erroneous.

III. It is further urged that the evidence does not support the verdict. There is a conflict in the evidence as to whether the cattle could have been seen by the exercise of ordinary care, in time to stop the train.

The verdict is not so far unsupported by the evidence as to warrant our disturbing it. We discover no error.

AFFIRMED.