### VAN HORN v. B., C. R. & N. R'Y Co.

1. **Evidence:** SOUND OF RUNNING TRAIN AS PROOF OF SPEED. Where there was a question as to the speed at which the train was running by which the plaintiff's horses were killed, *held* that it was proper to allow witnesses to testify that they judged from the *sound* of the train that it was running very rapidly, and more than six miles per hour. The *weight* of such evidence it was for the jury, under the circumstances shown, to determine.

2. ———: CONTRIBUTORY NEGLIGENCE: HORSES ILLEGALLY RUNNING AT LARGE. Where a person owning horses in a city allowed them to run at large at night, and to lie down and sleep on a railroad track, and the horses were injured by a passing train, his conduct was a circumstance tending to show him guilty of contributory negligence, unless he had a legal right to let them run at large; and when an ordinance of the city was offered in evidence to show that he had no such legal right, it was error to exclude it.

*Appeal from Benton District Court.*

WEDNESDAY, JUNE 14.

ACTION to recover the value of certain horses alleged to have been killed by reason of the negligence of the defendant in running one of its trains. The accident occurred in the city of Vinton, between one and two o'clock at night. The plaintiff had turned the horses loose. They strayed upon the defendant's track and lay down at a point where the track crossed one of the streets of the city. The negligence complained of is, that the defendant was running its train at an

improper rate of speed. The defendant denied all negligence upon its part, and averred that the injury was caused through the negligence of the plaintiff. There was a trial to a jury and verdict and judgment rendered for the plaintiff. The defendant appeals.

*J. & S. K. Tracy*, for appellant.

*Traer & Voris*, for appellee.

ADAMS, J.—I. Two persons were allowed to testify against the objection of the defendant, that they judged from the sound of the train that at the time of the accident it was running very rapidly and more than six miles an hour, which it appears was the highest speed allowed by ordinance of the city. The defendant insists that the speed of a moving train cannot be determined by the sound with sufficient accuracy to justify the admission of evidence in regard to it, where the witness has no knowledge of it except as derived from the sound.

Small differences in the speed of moving trains cannot probably be determined by the sound, but we think that the difference between the speed of a slowly moving and of a rapidly moving train, could be distinguished quite easily from the sound by a person in the immediate vicinity. The evidence, we think, was not inadmissible. Such evidence, we think, could not, under all circumstances, be deemed wholly unreliable. What weight the evidence in question was entitled to, under the circumstances shown, it was for the jury to determine.

II. The defendant offered in evidence an ordinance of the city of Vinton prohibiting horses from running at large. The plaintiff objected to the ordinance and the objection was sustained.

The defendant's position is that where a person owning horses in a city allows them to run at large by night, and lie down and sleep on a railroad track, and the horses are injured

by a passing train, his conduct would be a circumstance tending to show that he is guilty of contributory negligence, unless he has a legal right to let them run at large, and that the ordinance was admissible as showing that such right did not exist.

The rule contended for appears to have been held in *Halloran v. Railroad Co.*, 2 E. D. Smith 257, and *Bowman v. Railroad Co.*, 37 Barb., 37. And our attention has been called to no case which holds the contrary. It was held, it is true, in *Kuhn v. Railroad Co.*, 42 Iowa, 420, that the plaintiff was not precluded from recovering, because the cattle which were injured at a public crossing were being allowed to run at large. But the case turned upon the fact the plaintiff had the legal right to allow his stock to run at large. Where such right exists, the owner must be held to take the risk only of such injuries as do not result from the defendant's negligence. In the case at bar the ordinance offered would have shown that such right did not exist. We have a case then, where the plaintiff without excuse or justification allowed her horses to lie at night where they were obviously exposed to such accident as happened. We think that the ordinance should have been admitted.

It is not claimed, and could not, we think, be properly claimed, that the provision of section 1289 of the Code, respecting the restraint of domestic animals, has any application to this case. It would doubtless be applicable if the injury had occurred where the defendant had a right to fence, but it did not.

REVERSED.