COURSON ET AL. v. THE CHICAGO, MILWAUKEE & ST. PAUL R'Y CO.

1. **Railroads:** KILLING COW ON CROSSING: SPEED OF TRAIN: QUESTION FOR JURY. Where there was a conflict in the evidence as to the speed of the train which killed plaintiffs' cow at a highway crossing, and as to the distance from the crossing at which the cow could have been seen by the engineer, and there was a sharp curve in the track as the train, which was a wild one, approached the crossing, *held* that it was a question for the jury whether the train was run at a dangerous rate of speed.

2. ————: ————: CONTRIBUTORY NEGLIGENCE: QUESTION FOR JURY. Where plaintiffs' cow was killed by a wild train at a highway crossing, and it appeared that plaintiffs lived near the track, and knew of the crossing, and of the time when regular trains passed, and more than an hour before the time for the first regular train they turned the cow into the highway, intending soon to follow her and drive her to a pasture which lay beyond the track, but she was shortly afterwards killed by the passing wild train, *held* that it could not be said, as a matter of law, that plaintiffs were guilty of contributory negligence, but that it was a question for the jury.

*Appeal from Allamakee Circuit Court.*

FRIDAY, MARCH 4.

ACTION to recover the value of a cow killed at a highway crossing by a train on defendant's railway, on the ground of the faulty construction of the crossing, and that the train was running at a dangerous speed. Trial by jury. Judgment for the plaintiffs, and defendant appeals.

*Noble & Updegraff*, for appellant.

*F. S. Burling*, for appellees.

SEEVERS, J.—I. The defendant asked the court to instruct the jury that " counsel for plaintiffs has argued to the jury * * * that the fact that the fireman did not see the cow as soon as he could, if he had looked, was negligence on the part of the defendant. You are instructed that you should give no attention to that argument. There is no evidence before you that the fireman was negligent."

This instruction was refused, and we cannot say that the court erred in this respect, for the reason that it does not appear that counsel for the plaintiffs made any such argument or claim to the jury.

II. There was a conflict in the evidence as to the speed of the train, and also as to the distance from the crossing the cow could have been seen by the engineer. There is a sharp curve in the railway as trains approach the crossing from the west. The train in question was a wild train. The court instructed the jury that there was no evidence tending to show that the engineer was not watchful, or did not do all he could to stop the train after he saw the cow, and also that the right of the plaintiffs to recover depended on the question whether the defendant was negligent in running the train at the speed it did, under all the circumstances, and the jury found specially that it was so run. We think it was for the jury to say whether the train was run at a dangerous rate of speed, when approaching the crossing around the curve, and therefore the court correctly instructed the jury in this respect. *Kuhn v. Chicago, R. I. & P. R'y Co.*, 42 Iowa, 420.

1. RAILROADS: killing cow on crossing: speed of train: question for jury.

III. The plaintiffs lived near the track, had full knowledge of the crossing, and, we think, of the time at which regular trains, or some of them, passed. One such train passed the crossing about 9 o'clock in the morning. The train in question passed before 8 o'clock. Prior to that time, the cow had been milked and turned in the highway to go to pasture, which was across the track. No one was in charge of the cow. She crossed one crossing, but did not go into the pasture as she might have done, but passed along the highway a short distance to another crossing, and was standing thereon at the time of the accident. It was not the plaintiffs' habit to so turn their cattle on the highway, with no one in charge of them; but they did so on the morning in question for a sufficient reason, as they claim, intending to follow them soon, and before any

2. ——: ——: contributory negligence: question for jury.

train of which they had any knowledge passed along. The court submitted the question to the jury whether, under the circumstances, the plaintiffs were negligent, and refused an instruction asked by the defendant that the plaintiffs were, as a matter of law, guilty of contributory negligence, and therefore could not recover. We think the action of the court was correct. *Krebs v. Railroad Co.*, 64 Iowa, 670; *Hammond v. Same*, 49 Id., 450. It is true, the plaintiffs turned the cow into the highway, as they had the perfect right to do, for the purpose above stated; but we cannot say, as a matter of law, that they were immediately to follow her, some time, at least could be allowed. When turned out, the cow did not pass immediately on the track, and we think it was for the jury to say whether the plaintiffs were negligent or not.

We cannot disturb the verdict on the ground that it is not supported by the evidence.                     AFFIRMED.