THE MISSOURI PACIFIC RAILWAY COMPANY v. FREDERICK HILDEBRAND.

1. CARS, *Moving Fast or Slow—Competent Witness.* It is not error to permit a witness who is accustomed to see trains of cars pass, and who says that he can tell whether they are moving fast or slow by the sound, to testify that a train which he heard distinctly, but did not see, was going pretty fast.

2. EVIDENCE *Supports Verdict.* Questions of fact are settled in the trial courts. This court looks no further than is necessary to see that there is competent evidence to sustain the findings, and in this case it finds sufficient evidence to support the verdict.

3. INSTRUCTIONS, *Need not be Repeated.* When the court in its general instructions fairly gives the law applicable to the case, it need not give instructions asked by a party which merely embody the same principles in different language.

*Error from Coffey District Court.*

FREDERICK HILDEBRAND, who was plaintiff below, while crossing the tracks of the *Missouri Pacific Railway Company* on F street, in Le Roy, received injuries, for which he brings this suit. F street runs north and south; the railroad tracks nearly east and west. The south track is called the "house track," and runs on the south side of the depot, which is located two blocks west of the crossing and of the water tank and coal chutes. The next track is the main line, distant about 73 feet from the house track North of the main track are other sidings, which are numbered 1, 2, and 3, respectively; the track nearest the main track being desig-

nated as "No. 1," and distant therefrom about 8 feet. Nos. 1 and 2 are nearer together, and No. 3 is about 19 feet north of No. 2. Plaintiff and his little girl, nine years old, crossed these tracks on their way home about 6 o'clock in the evening. Plaintiff himself testified that cars were standing on the south track, and that there were cars standing, he thought, on the main track; that after crossing the south track he looked both ways, did not see or hear any train moving, thought he was safe, and drove on; that, just as soon as he got past the standing cars, he looked west and saw a train coming, about 80 or 100 feet away. His horses were already on the track. He slapped his lines and "hollered" to his horses to go. They jumped right quick, but the caboose, which was being pushed ahead of the engine, struck the hind end of the wagon. The wagon box was thrown off, bottom side up, on the north side of the north track, and plaintiff thrown out on the ground beyond it. The horses ran away.

There was great conflict in the evidence as to the track the engine and caboose which caused the injury were on. The engineer, fireman and other witnesses testified that they were on the main track, while plaintiff and his little girl testified that they were on one of the side tracks, but they did not seem to be clear whether it was No. 1 or No. 2. The testimony of other witnesses as to the location of pieces of the broken wagon tended to corroborate plaintiff's statement. There was evidence tending to show that the bell of the engine was not rung, nor any other signal given, and the train hands testified that they were going at about 8 miles an hour. The jury rendered a verdict in favor of plaintiff for $500, and also answered a large number of special questions. Plaintiff had judgment, and defendant comes to this court.

*W. A. Johnson,* for plaintiff in error:

The court below erred in overruling the objections of the Missouri Pacific Railway Company, and in allowing the witness Otto Hines to answer the questions as to the rate of speed at which the engine was running just before it collided

with Hildebrand's wagon. *City of Parsons v. Lindsay*, 26 Kas. 426; *K. P. Rly. Co. v. Peavey*, 29 id. 174; *Hamilton v. Railroad Co.*, 36 Iowa, 31.

The court should have sustained the demurrer of the Missouri Pacific Railway Company to the evidence.

We claim that the evidence on the part of Hildebrand was such as to show gross and reckless carelessness on his part, that resulted directly to the injury that he received, and judgment should have been rendered against him on the demurrer to his evidence. *Gibson v. City of Wyandotte*, 20 Kas. 158; *U. P. Rly. Co. v. Adams*, 33 id. 427; *Jackson v. K. C. L. & S. K. Rld. Co.*, 31 id. 761; *Mason v. Mo. Pac. Rly. Co.*, 27 id. 83; *Corlett v. City of Leavenworth*, 27 id. 673; *Mo. Pac. Rly. Co. v. Haley*, 25 id. 35; *C. B. U. P. Rld. Co. v. Henigh*, 23 id. 347; *Williams v. A. T. & S. F. Rld. Co.*, 22 id. 117; *Artman v. K. C. Rly. Co.*, 22 id. 296; *Golastine v. C. M. & St. P. Rld. Co.*, 46 Wis. 404; *Clark v. Mo. Pac. Rly. Co.*, 35 Kas. 350.

The railway company presented eight instructions to the court and requested the court to give each of them separately as the law applicable to this case. The court refused to give any of the instructions as requested, and, to the refusal to give said instructions or either of them, the railway company duly excepted. Some portions of these instructions were given substantially by the court in its general charge to the jury, but some of the propositions contained in the instructions asked by the railway company were not given at all, and in this we claim that the court erred in material matters that were prejudicial to the railway company.

*G. E. Manchester*, and *J. I. Wolfe*, for defendant in error:

We think the testimony of the witness Hines admissible, on the authority of the following cases: *The State v. Folwell*, 14 Kas. 105; *City of Parsons v. Lindsay*, 26 id. 426; *A. T. & S. F. Rld. Co. v. Miller*, 39 id. 419, and cases cited. See, also, *C. B. & Q. Rld. Co. v. Johnson*, 103 Ill. 512; *D. & M. Rld.*

*Co. v. Van Stienburg*, 17 Mich. 100; *Pence v. C. R. I. & P. Rld. Co.*, 44 N. W. Rep. 686.

The next error complained of and discussed is the overruling of the demurrer of the defendant below to the evidence of plaintiff below. The evidence made out a case of negligence on the part of defendant below, so that the court was compelled to submit the case to the jury on that question. *L. L. & G. Rld. Co. v. Rice*, 10 Kas. 426; *Pacific Rld. Co. v. Houts*, 12 id. 328; *K. P. Rly. Co. v. Pointer*, 14 id. 37; *A. T. & S. F. Rld. Co. v. Morgan*, 43 id. 1.

The testimony of plaintiff below did not show negligence.

Having looked and listened, he was not negligent, as a matter of law, and it was no error to overrule the demurrer to plaintiff's evidence. It was for the jury to pass upon and say whether there was contributory negligence, and not the court. *K. P. Rly. Co. v. Richardson*, 25 Kas. 391; *W. & W. Rld. Co. v. Davis*, 37 id. 743; *A. T. & S. F. Rld. Co. v. Morgan*, 43 id. 1; *Mo. Pac. Rly. Co. v. Johnson*, 44 id. 660; *Guggenheim v. L. S. & M. S. Rly. Co.*, 33 N. W. Rep. 161. Plaintiff in error complains of the refusal of the court to give certain requested instructions to the jury. We think that the instructions which the court gave fully covered the law of the case. See *Sawyer v. Sauer*, 10 Kas. 471; *K. P. Rly. Co. v. Richardson*, 25 id. 408; *W. & W. Rld. Co. v. Davis*, 37 id. 747; *A. T. & S. F. Rld. Co. v. Morgan*, 43 id. 13; *C. K. & W. Rld. Co. v. Fisher*, 49 id. 482; *U. P. Rly. Co. v. Adams*, 33 id. 427.

Having once passed upon the facts, the findings will not be disturbed where there is any competent evidence to support them, even though they seem to be against the preponderance of the evidence. *Blair v. Fields*, 5 Kas. 58; *Pacific Rld. Co. v. Nash*, 7 id. 280; *School District v. Griner*, 8 id. 224; *Luke v. Johnnycake*, 9 id. 511; *A. T. & S. F. Rld. Co. v. Blackshire*, 10 id. 477; *K. P. Rly. Co. v. Kunkle*, 17 id. 146; *Ladd v. Brewer*, 17 id. 204; *Winter v. Sass*, 19 id. 556; *Jones v. Inness*, 32 id. 177; *Rapid Transit Rly. Co. v. Fox*, 41 id. 715; *Hodgden v. Larkin*, 46 id. 454.

*David Kelso,* and *B. P. Waggener,* for plaintiff in error in reply:

The statute does not require the whistle to be sounded or the bell of an engine to be rung before and at the time of the crossing of a street in a city. *Mo. Pac. Rly. Co. v. Pierce,* 33 Kas. 61–64; *Mo. Pac. Rly. Co. v. Clark,* 35 id. 350–354. Therefore, the omission to do either of these acts is not the omission to perform a duty imposed on plaintiff in error by law, and does not alone furnish any ground of negligence upon which a recovery can lawfully be based in this action.

It is claimed for defendant in error that the company had a string of cars resting on the track which obstructed the view of the track upon which were the moving engine and caboose, thereby preventing Hildebrand from seeing that such string of cars extended up to within 10 or 15 feet of the street crossing upon which he was traveling, and prevented him from seeing it until he was on the track. According to brief of defendant in error, the case is this: Hildebrand, being well acquainted with the track, approached it with a wagon drawn by a span of horses, in which, with his daughter, he was riding. Without stopping his team, he looked and listened for a moving train; that is, he looked for a train on a track he could not see, and listened for a train he could not hear on account of the noise his wagon created. At all events, he did not see or hear the train which collided with his wagon until he was on its track, and coming toward him, about 80 to 100 feet distant. If he had stopped before passing upon the track, he could have heard the moving train. Anyway, others at places of greater distance heard it.

The cases of *L. L. & G. Rld. Co. v. Rice,* 10 Kas. 426; *Pacific Rld. Co. v. Houts,* 12 id. 328; *K. P. Rly. Co. v. Pointer,* 14 id. 37; *A. T. & S. F. Rld. Co. v. Morgan,* 43 id. 1, are not in point.

In the case of *A. T. & S. F. Rld. Co. v. Townsend,* 39 Kas. 115–119, the court says: "If he looked from a point where he could get only a partial view of the track, . . . he

should have looked again when he was near it, and when he could have obtained an unobstructed view of the track."

In *U. P. Rly. Co. v. Adams*, 33 Kas. 427: "It is as equally well settled that it is the duty of a traveler upon a highway about to cross a railroad track to make a vigilant use of his senses in order to ascertain whether there is a present danger in crossing," and less than this is not ordinary care.

The excellent quotation from *Railroad Co. v. Houston*, 95 U. S. 697, cited by the court in *U. P. Rly. Co. v. Adams*, supra, is applicable here. See, also, *C. H. & I. Rld. Co. v. Butler*, 23 Am. & Eng. Rld. Cases, 262, 264.

In the case of *Pa. Rld. Co. v. Bell*, 15 Atl. Rep. 561, the court says: "It is in vain for a man to say that he looked and listened, if, in spite of what his eyes and ears must have told him, he walked directly in front of a moving locomotive." See, to same effect, *McCrory v. C. M. & St. P. Rly. Co.*, 31 Fed. Rep. 531; *Heaney v. L. I. Rld. Co.*, 19 N. E Rep. 422; *Debbins v. Old Colony Rld. Co.*, 47 Am. & Eng. Rld. Cases, 531; *C. K. & W. Rld. Co. v. Fisher*, 49 Kas. 460–485.

The opinion of the court was delivered by

ALLEN, J.: The first matter alleged as error is in permitting Otto Hines, who was in the section house a little distance north of the tracks, and who did not see the train at the time, but who heard the rattle and escape of steam from the engine, to testify as to the rate of speed at which it was going, and that it was going pretty fast. He stated that he was accustomed to seeing and hearing trains pass by, and could tell by the sound. We think there was no error in this ruling.

The jury found that the engine was running "at a rapid speed." The testimony of the engineer, Snyder, that he was not running over eight miles an hour, hardly tends to contradict this finding, for eight miles an hour, in a yard where there are many tracks obscured from view by standing cars, is a somewhat rapid speed.

The principal claim of the plaintiff in error is, that the court erred in overruling the demurrer to plaintiff's evidence.

19—52 KAS.

We think there was sufficient evidence to challenge the consideration of the jury, and that the demurrer was rightly overruled.

Complaint is also made of the refusal of the court to give certain instructions asked by plaintiff in error. While some of the instructions asked were correct declarations of the law, the general instructions given by the court were very full and fair, and embodied in substance all that the defendant was entitled to, and therefore no error was committed.

It is apparent from the briefs that the defendant's principal grievance is, that the jury believed the plaintiff's witnesses rather than the defendant's. Of course, it was their duty to determine what was truth, and what falsehood, where witnesses squarely contradicted each other. Their decision has been approved by the trial court, and no power rests with us to reverse their findings where there is evidence to sustain them. (*Rapid Transit Rly. Co. v. Fox*, 41 Kas. 715; *Hodgden v. Larkin*, 46 id. 454.)

Judgment is affirmed.

All the Justices concurring.