[No. 9855.  Department One.  December 2, 1911.]

ORVILLE HENDERSHOTT *et al., Appellants,* v. MODERN WOODMEN OF AMERICA *et al., Respondents.*[1]

THEATERS AND SHOWS — INJURIES TO SPECTATORS — DANGEROUS PREMISES—BACK STAIRWAY—ASSUMPTION OF RISKS—CONTRIBUTORY NEGLIGENCE.  A spectator intending to witness a public exhibition cannot recover for injuries sustained in a fall on a back stairway leading to the back of the hall and stage, which was unlighted and wet and slippery, and obstructed by vines, where she knew it was not the main entrance to the hall, and she passed a safe, well-lighted entrance with notice of the dangerous condition of the other way; since she assumed the risks and was guilty of contributory negligence.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered June 17, 1911, in favor of the defendant, upon withdrawing from the consideration of the jury an action for personal injuries sustained in a fall upon a stairway.  Affirmed.

*J. P. Ball,* for appellants.

*S. A. Bostwick,* for respondents.

Gose, J.—This is a suit to recover damages for personal injuries.  At the close of the plaintiffs' case, in response to a challenge to the sufficiency of the evidence, a judgment of dismissal was entered.  The plaintiffs have appealed.

The facts are these:  The respondents, as fraternal organizations, are the owners of a hall in the town of Sultan, known as Woodman's Hall, and used for lodge and entertainment purposes.  On the night of September 5, 1910, a play was given at the hall by the children of the town.  The auditorium is thirty by seventy feet in dimensions, with a raised stage at its rear, nineteen by thirty feet.  The hall is on the lower floor of the building.  It is elevated at the rear about eight feet above the surface of the street.  The front eleva-

[1]Reported in 119 Pac. 2.

tion is somewhat less.  On the night in question, the main or front entrance to the hall was well lighted, as was also the hall.  The auditorium has a seating capacity of approximately five hundred.  On the evening stated, the appellant wife took her little girl and a small boy, the child of her neighbors, to the hall to take part in the play.  She did not know the location of the hall, but was directed to it by the children who had been there previously.  She passed the front entrance, as she says, without observing it, and upon reaching the rear of the hall she inquired of a lady whom she did not know where she could find the lady who instructed the children for the entertainment.  The lady answered that she was on the stage.  She then asked her how she could get there, and the lady answered, "You can go that back way, but be very careful of the blackberry bushes."  She then proceeded with the children to the stage along the way suggested.  In undertaking to return the same way, she slipped upon the second step from the top of the stairway and fell, sustaining the injury for which she seeks redress in this action.  After falling, she walked to the street, met her friends, returned, entered the auditorium at its main entrance, and sat through the play.  When upon the stage, she had her ticket and intended to go to the auditorium to witness the play.

The stairway upon which she fell is thirty inches in width, about eight feet in height, and made of boards with an eight-inch tread and ten-inch risers, and is not covered.  The night was so dark, she says, that in going up the stairway she could not see its condition.  It was raining and the stairs, being without covering, were necessarily wet.  There was no light at the alley or the stairway.  The approach to the stairs is through an alley, with the building upon one side and a high board fence upon the other.  The blackberry vines to which the lady referred project through the fence and across the alley.  She testified that she knew the entrance which she chose was not the main entrance to the hall.  The

rear stairway when built was intended to be used by the people upon the stage as a fire escape. The respondents did not intend that it should be used for any other purpose. The door leading from the stage to the stairway was usually kept locked upon the inside, but there is no evidence that it was locked upon the night in question. A low stairway leads from the auditorium to the stage.

Upon these facts, we think the learned trial court was not in error in withdrawing the case from the jury. The respondents had provided a safe and well-lighted stairway for all who desired to enter the hall. The size of the hall, the location and darkness of the rear stairway, and the presence of the blackberry vines, all pointed unmistakably to the fact that there was no invitation to the public to enter the hall or the stage in the manner chosen by the appellant. When she passed by the safe, well-lighted entrance and, at the suggestion of a stranger, proceeded up the dark, slippery way, when the darkness was so great that she could not see the condition or character of the stairway, and with the warning that her path was obstructed by vines, she was guilty of negligence, and assumed the hazards which beset her. While her unfortunate injury is to be lamented, it cannot be said to have resulted from any negligence on the part of the respondents.

The judgment is affirmed.

Dunbar, C. J., Fullerton, Mount, and Parker, JJ., concur.