LOUISE ROELTGEN ET UX. v. PUBLIC SERVICE RAILWAY COMPANY.

Argued February term, 1924—Decided May term, 1924.

**Negligence—Trolley Car Collision With Motor Vehicle—Witness, Though Not an Expert, May Testify According to His Judgment Regarding Rate of Speed.**

On rule to show cause in Bergen Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *Leonard J. Tynan.*

*Contra, Weinberger & Weinberger.*

PER CURIAM.

On the 1st day of April. 1922, the plaintiff Louise Roeltgen was. operating a touring car which was owned by her husband, on a public highway in Bergen county, known as Rochelle avenue, in the township of Midland, about seven A. M. The plaintiff Louise Roeltgen had spent the night at her mother's home, and was on her way back to her husband's place of business, which was about a mile away from the point where she had started: the plaintiff had been operating an automobile for two years prior to April, 1922, and was a licensed driver. At the time the plaintiff was proceeding south on Rochelle avenue, and was approaching a trolley track laid on defendant's private right of way and which crosses Rochelle avenue easterly and westerly. As the plaintiff proceeded to cross the tracks she looked to her left and right and slowed down, she says, to a rate of speed of about five or six miles an hour, and saw nothing approaching her, her view being obstructed at this point by a large house situated on the roadway. As the plaintiff's first two

wheels had gone on the first track, a public service car came down at a great rate of speed, and, to avoid being struck by the trolley car, Louise Roeltgen turned her car to the right, intending to go in the same direction in which the trolley was going, when the trolley car struck the automobile and carried it a distance of seventy-five to one hundred feet.

It is contended that, upon this state of facts, the verdict for the plaintiff was against the weight of the evidence, since in certain important particulars the plaintiffs were contradicted by defendant's witnesses. But such a situation manifestly presented a jury question. The trial court, however, overruled two questions put to the witness DeBlasio, in which his opinion as to the speed of the automobile and the car was asked. The objection to the questions was based on the theory that the witness was not an expert, and, apparently, the court so view the inquiry. The questions were competent, since the rule of evidence is well settled that a witness may use his ordinary faculties for observation, and is entitled to testify as to the rate of speed a vehicle was proceeding, or whether, in his best judgment, the vehicle was proceeding at a rapid or at a slow rate of speed. In this respect there was error. *State* v. *Morris,* 121 *Atl. Rep.* 290.

Our examination of the other grounds of objection leads us to conclude that they were non-prejudicial.

For the reasons given the rule will be made absolute.