## KUHN *v.* STEPHENSON.

[No. 13,044.   Filed March 7, 1928.]

*Gentry, Cloe & Campbell,* for appellant.
*L. Ert Slack,* for appellee.

REMY, C. J.—While Charles Kuhn was operating his automobile going south on a paved public highway, he was overtaken by another automobile operated by John Stephenson. The latter, desiring to go faster than Kuhn, speeded his automobile around to the left and to a point a short distance ahead of the car operated by Kuhn, at which point it collided with an automobile coming from the south, and which was being operated by James Riley. The collision caused the Riley car to veer to the west, in front of, and into collision with, the Kuhn car, as a result of which Kuhn sustained personal injuries, as well as damages to his automobile. To recover the damages sustained, Kuhn commenced this action against Stephenson. The theory of the complaint is that Stephenson, as he approached Kuhn's car from the rear, saw the Riley car approaching from the south, and well knowing that there would be danger of a col-

lision if he endeavored to pass at that time, he nevertheless proceeded to go around at a dangerously high rate of speed, and that his negligence in so doing was the sole proximate cause of the damages of which complaint is made, it being specifically averred in the complaint that Riley in the operation of his car was free from negligence. The complaint is not drawn under §38 of the act of 1925 regulating the use and operation of motor vehicles on public highways, it not being alleged that the car approaching from the south was within 500 feet of appellee at the time appellee attempted to pass appellant's car. The complaint was answered by denial, and a trial resulted in a verdict and judgment for appellee.

It appears from the evidence that a short time before the accident, Riley with his automobile entered upon the highway at a point about one mile south of the place where the accident occurred. The speed at which Riley was driving at the time and place of the accident was variously estimated by the witnesses. One witness for appellee testified that he was present when Riley entered upon the highway, and saw the car start north toward the scene of the accident; that, it being nighttime, witness was able to see the car only a short distance up the road, but he listened to the motor until the car had traveled a quarter of a mile. Witness was then permitted, over appellant's objection, to testify that in his opinion, "from the sound of the motor," the car was going at that time at the rate of forty-five miles an hour. The objection interposed to the question at the time it was propounded was that the mere sound of the motor was an insufficient basis for an opinion as to the speed at which the automobile was going, and that objection is the only one presented to this court by appellant in his brief. It appears that before the question was propounded, the witness had testified that he had

had twelve years' experience as an automobile mechanic, and that, from his experience, he "could determine something in the neighborhood of the speed of an automobile of that make by listening to the sound of the engine traveling on a public highway." It has frequently been held that the admission of testimony based upon the sound of a locomotive is admissible on the issue of the speed of a moving railroad train. The question was before the Supreme Court of Iowa in the case of *Van Horn* v. *B. C. R. & N. R. Co.* (1882), 59 Iowa 33, and the court in its opinion used the following language: "The evidence, we think, was not inadmissible. Such evidence, we think, could not, under all circumstances, be deemed wholly unreliable. What weight the evidence in question was entitled to, under the circumstances shown, it was for the jury to determine." To the same effect, see *Missouri Pacific R. Co.* v. *Hildebrand* (1893), 52 Kans. 284, 34 Pac. 738. See, also, *Lake Erie, etc., R. Co.* v. *Moore* (1912), 51 Ind. App. 110, 97 N. E. 203. A witness who had both seen and heard a moving automobile or railroad train would be better qualified to testify as to the speed thereof than would a witness who was able to use but one of the senses; and the testimony of the witness, in the instant case, based solely upon the sound of the motor when the automobile was a quarter of a mile away, could have had but little weight with the jury on the issue as to the speed the automobile was going at the time of the collision which occurred three-quarters of a mile farther on. The admission of the evidence, under the circumstances, was not reversible error.

On the trial, evidence was submitted tending to prove that Riley and Stephenson were each negligent in the operation of their respective cars at the time of the collision. Throughout the trial, it was the theory of the defense that the sole proximate

cause of the injuries complained of was the negligence of Riley, and, in support of the theory, appellee tendered, and the court gave to the jury, the following instruction: "The plaintiff's complaint, among other material allegations, alleges in substance that the automobile, owned and operated by James Riley at the time of the accident, was being driven in a careful, lawful and prudent manner, and this allegation makes the theory of the complaint one where there was no intervening agency contributing to the cause of the accident. Now, I instruct you that the plaintiff is bound to prove by a preponderance of the evidence that the Riley car was being operated in a careful, lawful and prudent manner. If you find from the evidence that the Riley car was not being driven in a careful, lawful and prudent manner, at the time of the accident, and that the operation of the Riley car was the proximate cause of the accident, then the plaintiff cannot recover in this action, regardless of whether the car of the defendant Stephenson was being operated carefully or negligently." It is earnestly contended by appellant that the giving of this instruction was reversible error. We do not think so. For reasons best known to appellant, he did not make Riley a party defendant, but charged in his complaint that the negligence of Stephenson was the sole proximate cause of the collision. He went so far in his complaint as to aver that Riley was free from fault. Just why the complaint should have been so drawn does not appear. It may be that Riley was not financially responsible, or it may be that only Stephenson was protected by insurance. Whatever may be the reason, the fact remains that appellant drew his complaint upon the theory that Stephenson's negligence was the sole cause of the collision and injuries, on which theory, the cause was tried. Furthermore, the court by other instructions correctly defined, and fully

stated the law of, proximate cause. The instruction, in the form given, is not a model to be followed, but we conclude that the action of the court in giving the same was not error.

The instructions when taken as a whole correctly state the law applicable to the case.

Affirmed.