102 N.J. Super. 156 (1968)
245 A.2d 524
ROWLAND W. PIERSON, JR., PLAINTIFF-RESPONDENT,
v.
ROBERT FREDERICKSON AND ROBERT FREDERICKSON, JR., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 4, 1968.
Decided July 17, 1968.
*158 Before Judges CONFORD, COLLESTER and LABRECQUE.
Mr. Michael J. Cernigliaro argued the cause for appellants (Messrs. Campbell, Mangini, Foley & Lee, attorneys).
*159 Mr. Philip G. Auerbach argued the cause for respondent (Messrs. Drazin, Warshaw, Auerbach & Rudnick, attorneys).
The opinion of the court was delivered by COLLESTER, J.A.D.
Defendants appeal from a judgment entered in this personal injury automobile negligence action following a jury verdict awarding plaintiff damages of $32,000. Their motion for a new trial was denied.
The accident which resulted in this action occurred at about 4:40 A.M. on January 1, 1965 when plaintiff's automobile, which was being driven in a westerly direction on Atlantic Avenue in Long Branch, collided with a motor vehicle owned by Robert Frederickson and operated by his son Robert Frederickson, Jr. The Frederickson car was being driven in a northerly direction on Liberty Street which dead-ends into Atlantic Avenue, a through street, forming a T-intersection. Immediately to the north of and beyond the T there was a private roadway which led into a housing project. Plaintiff, who was seriously injured, suffered a loss of memory and could not recall the details of the accident. His last recollection prior to the impact was crossing a small bridge 75 to 100 yards east of the intersection at a speed of 20 to 25 m.p.h.
Defendant Robert Frederickson, Jr., who was unfamiliar with the area and was being given directions by his companion, was not aware that Liberty Street did not continue across at Atlantic Avenue. He testified that his maximum speed within the two block preceding the intersection was 25 m.p.h. and when he was several car lengths from Atlantic Avenue he slowed down to about 10 m.p.h., observed no traffic on Atlantic Avenue, and then began to accelerate back to 25 m.p.h. When he was about to enter the intersection he saw the plaintiff's car and decided the chances of avoiding the collision were greater if he proceeded through rather than if he attempted to stop.
When the accident occurred three people were awake in the Edward Fister household on the southeast corner of the *160 intersection (this being the morning following New Year's Eve). Mr. Fister was in the bathroom on the side of his house facing Liberty Street when he heard the motor sound of the defendants' approaching vehicle. He first heard the sound when it was faint at a distance which he estimated to be a block or two away. The noise grew louder as the car came nearer; it increased without interruption, and immediately after it passed his house he heard the crash of the collision.
During a preliminary examination conducted by the court out of the presence of the jury Mr. Fister testified that he had been an electronics engineer for 30 years, had been employed in governmental research including the use of instruments to measure sound waves in order to detect the movement of vehicles and persons, and that with such experience and his familiarity with automobiles he could estimate the minimum speed as which a vehicle was traveling based on auditory perception even though he had not actually seen the car in motion. The court over defendants' objection held that he was competent to so testify. Thereafter Fister testified that the minimum speed of the Frederickson car while it was being operated on Liberty Street just before the collision occurred was 30 m.p.h.
Testimony by Marjorie Mitchell, a guest at the Fister home, that she heard the car coming up Liberty Street at a "fairly high rate of speed" and by Marjorie Fister, Edward Fister's wife, that she also heard the car approaching "at a rapid rate of speed" was stricken by the court as being speculative.
The primary issue on this appeal is whether the court erred in permitting Mr. Fister to testify as to the minimum speed of the Frederickson automobile based solely on his auditory perception of the sound of the car as it was being driven along Liberty Street.
Defendants contend (1) that evidence regarding the speed of a motor vehicle based solely on the sound of the motor should not have been admitted in the form of either lay or *161 expert testimony and the court erred in permitting Fister to testify, (2) that assuming such testimony may be introduced in the form of expert testimony Fister lacked the requisite qualifications of an expert, and (3) even if Fister possessed such qualifications the court erred in permitting him to testify because his name had not been listed as an expert witness in plaintiff's answer to defendants' interrogatories.
The fundamental qualification for a witness is that he have personal knowledge of the subject matter of his testimony. Personal knowledge is based upon the impressions that a witness has gained by means of his own senses. 2 Wigmore, Evidence (3d ed. 1940), §§ 656, 657; McCormick, Evidence, § 10, p. 19 (1954); Rule 19, New Rules of Evidence. Visual perception is not the exclusive sensory means of gaining personal knowledge; it can also be attained by means of auditory perception. In this case there is no suggestion that Mr. Fister did not adequately hear the sound of the defendants' automobile and the judge properly concluded that the jury could reasonably believe that the witness perceived the event. Cf. Rule 19, New Rules of Evidence.
We believe that it is not beyond the experiential qualifications of an ordinary observer to draw conclusions of speed of an automobile based exclusively on auditory perception. It is common knowledge that the sound made by rapidly moving vehicles differs from that made by those moving slowly. The sound made by moving motor vehicles is familiar to most people. The sense of speed of movement depends more on how quickly the sound advances and recedes than on how loud the noise of the motor happens to be.
In other jurisdictions a lay witness has been permitted to give an estimate of speed based entirely on auditory perception. See Bennett v. Central of California Traction Co., 115 Cal. App. 1, 1 P.2d 47 (Dist. Ct. App. 1931); Hayungs v. Falk, 238 Iowa 285, 27 N.W.2d 15 (Sup. Ct. 1947); Hauswirth v. Pom-Arleau, 11 Wash.2d 354, 119 P.2d 674 (Sup. Ct. 1941); Smith v. Doyle, 69 App. D.C. 60, 98 F.2d 341 (D.C. Cir. 1938); Hamilton v. DeCamp, 120 Kan. *162 645, 244 P. 1057 (Sup. Ct. 1926); Nesbit v. Crosby, 74 Conn. 554, 51 A. 550 (Sup. Ct. 1902); Murphy v. Cole, 338 Mo. 13, 88 S.W.2d 1023, 103 A.L.R. 505 (Sup. Ct. 1935); Kuhn v. Stephenson, 87 Ind. App. 157, 161 N.E. 384 (App. Ct. 1928); Van Horn v. Burlington C.R. & N.R.Y. Co., 59 Iowa 33, 12 N.W. 752 (Dist. Ct. 1882). In some of the cases the testimony was admitted because of the witness' special qualifications. Murphy v. Cole, supra (mechanic); Kuhn v. Stephenson, supra (mechanic). In cases which exclud such testimony the decision of the court can be explained by the court's determination that there was insufficient auditory perception on which to base a conclusion of speed, or that in the court's judgment the witness was not qualified to make such a conclusion. Haight v. Nelson, 157 Neb. 641, 59 N.W.2d 576, 42 A.L.R.2d 1 (Sup. Ct. 1953); Law v. Gallagher, 9 W.W. Han. 189, 39 Del. 189, 197 A. 479 (Sup. Ct. 1938); Laubach v. Colley, 283 Pa. 366, 129 A. 88 (Sup. Ct. 1925); Challinor v. Axton, 246 Ky. 76, 54 S.W.2d 600 (Ct. App. 1932).
It is clear that based on adequate visual observation an ordinary witness can state his conclusion of whether a car was moving fast or slow or give an estimate of its speed. Baus v. Trenton & Mercer Co. Trac. Corp., 102 N.J.L. 1 (Sup. Ct. 1925), affirmed 102 N.J.L. 712 (E. & A. 1926); Roeltgen v. Public Service Railway Co., 2 N.J. Misc. 471 (Sup. Ct. 1925). See generally, Annotation, "Admissibility and probative effect of testimony that motor vehicle was going `fast' or the like," 92 A.L.R.2d 1391 (1963); Annotation, "Opinion evidence as to speed of automobile," 70 A.L.R. 540 (1931); 94 A.L.R. 1190 (1935). If a lay witness is competent to form an opinion of speed based on visual observation we see no logical reason why he should not be competent to do so based upon auditory perception.
To conclude that such testimony has too low a probative value to be admissible as evidence would run contrary to the rule that all relevant evidence is admissible. In any case the weight to be given such evidence is a matter for determination *163 by the jury. Cf. Miller v. Trans Oil Co., 18 N.J. 407 (1955); New Rules of Evidence, Rule 7(f).
In the instant case Fister had experiential qualifications for judging speed based on auditory perception that were greater than those of the ordinary layman. To the extent that his description of the speed of the Frederickson car as being "in excess of 30 miles per hour" is more precise than the use of the adjective "fast" we cannot see how the defendants were prejudiced thereby. The speed of 30 m.p.h. does not mean to the the average layman a rate of speed in excess of what he would intend to signify if he were to use the simple term "fast." Therefore, if a lay witness may from the sound of a vehicle describe its movement as "fast," Mr. Fister's use of the term 30 m.p.h. cannot be regarded as harmful to the defendants. We hold that the trial court did not err in permitting such testimony.
It follows from the law on the point developed hereinabove that it would not be improper for the average lay witness who is familiar with the sound of a moving automobile to give a general characterization of the vehicle's speed, i.e., slow or fast, based solely on auditory perception. Accordingly, we add parenthetically, it would not have been a mistaken exercise of discretion for the trial court to have permitted Miss Mitchell and Mrs. Fister, presumably having the knowledge of the average layman as to the sound of fast and slow moving automobiles, to testify that the Fredrickson car was going "fast."
Mr. Fister's name was listed in the answers to interrogatories as a witness having knowledge of relevant facts pertaining to the accident. Since the attempted strengthening of his qualifications as an expert witness was unnecessary the defendants cannot be regarded as having been prejudiced by the failure to list his name as that of an expert.
Defendants' final point is that the court erred in denying their motions to dismiss the complaint. They argue that the sole element of negligence which could be inferred from the testimony was that the Frederickson car was being operated *164 at an excessive rate of speed and that such inference could only be drawn from Mr. Fister's testimony which should have been excluded.
We have held that Mr. Fister's testimony was properly received. Moreover, we are satisfied from our review of the record that even without his testimony there was sufficient evidence to require submission of the issue of negligence to the jury.
Affirmed.