[No. 35709.  Department One.  August 24, 1961.]

PERCY GRANGE *et al.*, *Appellants*, v. WILLIAM T. FINLAY *et al.*, *Respondents.**

*Reported in 364 P. (2d) 234.

*Paul D. Jackson*, for appellants.

*Rode, Cooke, Watkins & Orth*, by *Thomas D. Loftus*, for respondents.

ROSELLINI, J.—This action was brought by the owners of a pleasure boat moorage on Lake Washington, alleging that their moorage facilities had been damaged by a fire which resulted from the negligence of William T. Finlay, hereafter referred to as the defendant. After a jury verdict in favor of the plaintiffs, the court granted a judgment *non obstante veredicto* on motion of the defendants, and this appeal followed.

Such a motion involves no element of discretion and will not be granted unless the court can say, as a matter of law, that there is neither evidence nor reasonable inference from evidence sufficient to sustain the verdict. In ruling on a motion for judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the party against whom the motion is made, and all material evidence favorable to the contention of the party benefited by the verdict must be taken as true. If there is substantial evidence supporting the verdict of the jury, as distinguished from a mere scintilla of evidence, the verdict must stand. By "substantial evidence" is meant that character of evidence which would convince an unprejudiced, thinking mind of the truth of the fact to which the evidence is directed. These very well-established principles are all set forth in *Omeitt v. Department of Labor & Industries*, 21 Wn. (2d) 684, 152 P. (2d) 973, with numerous authorities cited.

The defendant in this action was a user of the moorage facilities provided by the plaintiffs. On the day preceding the fire, according to his testimony, he took his twenty-two foot cruiser out into the lake at about 5:30 p. m. His boat had not been running well, and he thought the reason was that water was mixed with the gasoline. When he took the boat out into the lake, he removed the cover from the motor and cleaned out the sediment and water, took off the sediment bowls, and threw the gasoline in them overboard. Because of the construction of the gasoline tank, about two measuring cups of gasoline dripped into the boat bilges while the sediment bowls were removed.

After the bowls were replaced, the defendant attempted to start the motor. There was a bright flash throughout and under the floorboards of the boat. A fire immediately broke out in the cabin. The defendant's fire extinguisher was in the cabin, but, because of the heat of the flames, he could not reach it. Another boat came alongside with two persons aboard who tried to help, but were unable to extinguish the fire. A few minutes later a cruiser came alongside with a $CO_2$ extinguisher with which the fire was apparently extinguished. The defendant then beached the boat and took up some floorboards in the cockpit to examine for fire, but did not take up the floorboards in the cabin. One of the mattresses in the cabin had caught fire; he tore it apart for two or more inches and poured water on it, but did not remove the mattress from the cabin. He then took the boat back to the plaintiffs' moorage where he examined it again, and doused more water on the mattress.

The defendant remained at the moorage for about fifteen minutes. He then went to the plaintiff Percy Grange and reported to him that there had been a fire on the boat, and then went home.

At about 2:00 a. m. on the following morning, the plaintiffs were awakened by the light of a fire on the boat. The plaintiff wife stated that when she first looked at the fire, it was blazing high above the cabin or mid-section of the the boat. The next morning she noticed what she thought was a charred cushion or mattress in the location where

the fire had been blazing when she first saw it. This fire spread to the plaintiffs' moorage facilities and caused the damage for which this suit was brought.

The court instructed the jury that, if it found that the fire was caused by the negligence of the defendant in failing to extinguish the first fire, its verdict should be for the plaintiffs. The jury so found; but thereafter the court determined that there was no evidence that the fire was the result of negligence of the defendant and reversed the verdict.

■ Negligence cannot be assumed merely because the evidence shows that a fire occurred or an accident happened. *Cambro v. Snook,* 43 Wn. (2d) 609, 262 P. (2d) 767. As we said in that case, it must be established by evidence or by legitimate inference from the established facts.

■ Here the proof of the cause of the fire necessarily rested upon circumstantial evidence. In regard to such evidence, this court has said:

"The rule is well established that the existence of a fact or facts cannot rest in guess, speculation, or conjecture. It is also the rule that the one having the affirmative of an issue does not have to make proof to an absolute certainty. It is sufficient if his evidence affords room for men of reasonable minds to conclude that there is a greater probability that the thing in question, such as the occurrence of a fire, happened in such a way as to fix liability upon the person charged therewith than it is that it happened in a way for which a person charged would not be liable. In applying the circumstantial evidence submitted to prove a fact, the trier of fact must recognize the distinction between that which is mere conjecture and what is a reasonable inference." *Home Ins. Co. of New York v. Northern Pac. R. Co.,* 18 Wn. (2d) 798, 140 P. (2d) 507, 147 A. L. R. 849, quoted with approval in *Cambro v. Snook, supra.*

A corollary of this rule is that, if there is nothing more substantial to proceed upon than two or more conjectural theories, under one or more of which a defendant would be liable, and under one or more of which there would be no liability upon him, a jury will not be permitted to conjecture how the accident occurred. *Gardner v. Seymour,* 27 Wn. (2d) 802, 180 P. (2d) 564.

■ In this case, there was no attempt by the defendant to explain how the fire could have started, unless it sprang from the embers of the first fire. The evidence showed that the plaintiffs had conducted their moorage business at that location for about ten years and had never known of another fire on a boat anchored at their moorage. There was no evidence of arson or other possible origin of the fire, aside from the evidence which tended to support the theory proposed by the plaintiffs, that it resulted from failure to extinguish the first fire. The members of the jury were not asked to choose between two conjectural theories; rather they were offered one reasonable and probable explanation of the origin of the fire, but no substantial alternative explanation was suggested. Upon the evidence and under the instructions given, they were justified in finding that this was the most probable explanation.

A not dissimilar case is *Sommer v. Yakima Motor Coach Co.*, 174 Wash. 638, 26 P. (2d) 92. There, a stage driver parked and left unattended in a garage, a stage which was overheated and had broken out in flames several times before reaching the garage. Two hours after the stage had been parked, a fire broke out and destroyed the building. The cause of the fire was held to have been sufficiently proved by circumstantial evidence when it was shown that the fire was most intense near the stage, no other active cause was shown, and the other possible causes suggested by the defendants were not of sufficient certainty to prevent the issue from being submitted to the jury. This court found no difficulty in holding that the parking of the overheated stage in the garage, was a negligent act.

Of course, in that case, there was evidence that the driver was aware that the stage was overheated at the time he parked it. Here, the defendant husband testified that he thought the fire aboard his boat had been extinguished. However, the question of whether the precautions which he took were all that reasonable care required, was for the jury. It was also in the province of the jury, in arriving at its decision, to determine the weight and credibility to be given to his testimony.

The verdict reveals that the jury found that, in the exercise of reasonable care, the defendant should have taken greater precaution to make certain that the fire was extinguished, and that, had he done so, the second fire would not have occurred. From the evidence that the second fire was first observed to be blazing in the area of the cabin, the jury could infer that it had originated there; that either the first fire had not been extinguished under the floorboards or it had not been extinguished in the mattress (since there was evidence, which the jury could believe, that it had been extinguished in all other areas); and that, in either event, the second fire could have been avoided had the defendant exercised due care.

Since it cannot be said that there was neither evidence, nor inference from evidence, to sustain the verdict, the judgment notwithstanding that verdict must be reversed.

It is so ordered.

FINLEY, C. J., HILL, WEAVER, and FOSTER, JJ., concur.