[No. 235-41218-2.    Division Two.    March 29, 1971.]

THOMAS E. CARRICO, *Appellant,* v. COUNTRY STORE OF SALEM, INC., *Respondent.*

*Willard J. Sharpe,* for appellant.

*William H. Mays* (of *Gavin, Robinson, Kendrick, Redman & Mays*), for respondent.

ARMSTRONG, J.—In this action the plaintiff seeks to recover

damages for the personal injuries he sustained while employed by the defendant as a furniture salesman. The jury returned a verdict in favor of the plaintiff for $6,000. The trial court granted defendant's motion for a judgment notwithstanding the verdict of the jury. The defendant concedes that the sole ground upon which this motion could have been granted was that plaintiff-appellant was guilty of contributory negligence as a matter of law. The jury had been properly instructed on negligence and contributory negligence.

In analyzing the facts for the purpose of determining whether the trial court is justified in granting a motion for a judgment notwithstanding the verdict, the court must be guided by the rule stated in *Grange v. Finlay*, 58 Wn.2d 528, 529, 364 P.2d 234 (1961):

> Such a motion involves no element of discretion and will not be granted unless the court can say, as a matter of law, that there is neither evidence nor reasonable inference from evidence sufficient to sustain the verdict. In ruling on a motion for judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the party against whom the motion is made, and all material evidence favorable to the contention of the party benefited by the verdict must be taken as true. If there is substantial evidence supporting the verdict of the jury, as distinguished from a mere scintilla of evidence, the verdict must stand.

The following is a brief statement of the pertinent facts evaluated in the light most favorable to the plaintiff-appellant. There were no eyewitnesses to the accident so the facts must be determined largely from the testimony of the plaintiff.

The plaintiff, Thomas E. Carrico, was employed by the defendant, Country Stores of Salem, Inc., as a furniture salesman. He was injured as he was pulling an empty furniture carton onto a converted forklift truck, which was being used as a platform-type elevator. The forklift "elevator" was used to convey furniture to a second floor storage and uncrating area.

The platform "elevator" had a propensity to descend 4 to 6 inches an hour if left in an elevated position. This fact was known to the plaintiff who had used the "elevator" at various times during the previous 2 months of his employment.

On the date of the accident Mr. Carrico was uncrating a load of furniture in the second floor storage area and occasionally waiting on customers on the main floor. He had been working for about 20 minutes to an hour when he decided to move some empty boxes to the ground floor for incineration. As he was pulling a large cardboard box onto the "elevator", he did not notice that the platform was now 4 to 6 inches below the floor level. He stepped onto the "elevator", slipped, lost his balance, and fell through a 2-foot opening between the platform siding and the wall of the building onto the edge of an extending roof below the platform, sustaining injuries to his back.

On the day of the accident, the store received a large shipment of merchandise which had to be uncrated and put on the sales floor. Mr. Carrico testified that he was told by the store manager to "get merchandise in there and uncrate it and get it out of there as fast as we could." Mr. Carrico had loaded the "elevator" with furniture boxes and raised the "elevator" to the second floor storage loft. Some of the boxes were taken off the "elevator" for uncrating.

The storage and uncrating area was cluttered with empty boxes and wrapping paper. The merchandise was being taken to the sales floor as it was uncrated. Two other employees were occasionally helping the plaintiff, but at the time of the accident they were on the main floor. This activity continued for some time when the plaintiff decided to make more room in the storage area by taking some empty boxes down on the "elevator" to the incinerator.

There was a safety chain across the loft door although it was not being used at that time. Mr. Carrico testified that the chain was never used when one worked in that area because one could not lift the heavy boxes over a 3-foot-high chain.

The last time that the plaintiff noticed that the "elevator" was level with the floor was about 20 minutes to an hour prior to the accident. He knew it was level at that time because he had removed some heavy boxes from the "elevator" and he knew he could not have lifted the heavy boxes 6 inches without noticing the lowered level of the platform. He also noticed that the "elevator" was still about three-quarters full at the time he was pulling the empty boxes onto the "elevator".

Mr. Carrico described the accident as follows:

I was pulling a large box backwards and was going to step on this platform that was up even with the floor the last time I saw it, when I stepped back there it was—I stepped into midair, there was no platform there and I stumbled and I went through this opening on the side and hit against this tin roof, and I was all sprawled out. I don't know exactly every little detail because you don't think about things in a flash. Secondly, I was just trying to gain my balance—that's how it happened.

We turn now to the sole issue in this case—was the plaintiff guilty of contributory negligence as a matter of law?

The Supreme Court of this state has said many times that only in the clearest of cases is the court justified in determining that contributory negligence exists as a matter of law. A condition precedent for such a determination is a conclusion that reasonable minds could not have differed in their interpretation of the fact pattern. *Browning v. Ward*, 70 Wn.2d 45, 422 P.2d 12 (1966).

The *Browning* case sets forth three factors which the trial court must keep in mind in disposing of the question of contributory negligence as a matter of law in a master and servant case: (1) The relationship of the parties—the plaintiff was an employee at the defendant's store. (2) A master and a servant are not on a footing of equality —the plaintiff must do the work required of him or the master can hire someone else. In this instance the plaintiff

was told by the store manager to get the merchandise in there, uncrate it, and get it out as fast as he could. (3) A servant is not barred from recovery merely because he was aware or should have known of the dangerous condition negligently created or maintained by the master. In this case the plaintiff was required to work fast in a clutter of boxes and wrapping paper and with a makeshift "elevator" which could not provide a reasonable element of safety to the employees using it.

As further pointed out in *Browning* and in *Siragusa v. Swedish Hosp.*, 60 Wn.2d 310, 373 P.2d 767 (1962), if the employee's voluntary exposure to the risk is unreasonable under the circumstances, he will be barred from recovery because of his contributory negligence.

The trial court apparently reasoned that the plaintiff was contributorially negligent in failing to notice that the "elevator" had slipped 4 to 6 inches in the 20 minutes to an hour since he had last used it.

As pointed out in *Hines v. Neuner*, 42 Wn.2d 116, 253 P.2d 945 (1953), there is a split of authority in other jurisdictions on the legal effect of a failure to use one's senses to discover a peril that is there to be seen. The rule in this jurisdiction was clearly stated at page 122:

As already noted, we have decided in another context that the failure to see what admittedly was visible, if only one had looked, is not negligence automatically; *it is a question of fact for the jury to decide whether, despite the failure to look, the plaintiff's conduct was still reasonable under the circumstances.*

(Italics ours.) *Accord, Quinn v. McPherson*, 73 Wn.2d 194, 437 P.2d 393 (1968).

Whether we predicate plaintiff's alleged contributory negligence upon an unreasonable voluntary exposure to a known risk or a failure to look for a peril that was there to be seen, we reach the same conclusion. Reasonable minds could differ on the question of whether plaintiff was contributorially negligent under the facts of this case.

The judgment is reversed and the verdict of the jury is reinstated.

PETRIE, C.J., and PEARSON, J., concur.