[No. 365-3.    Division Three.    March 2, 1972.]

ARTHUR J. KASPARIAN *et al., Appellants,* v. OLD NATIONAL
BANK, *Respondent.*

*Jeff A. Morris* (of *Morrison, Huppin, Ewing & Anderson*), for appellants.

*Lawrence Monbleau* (of *Cashatt, Williams, Connelly & Rekofke*), for respondent.

EVANS, J.—Plaintiffs recovered a jury verdict for personal injuries received by Mrs. Kasparian when she slipped and fell in a vault area in defendant's bank. At the time Mrs. Kasparian was an employee of defendant and was acting within the scope and course of her employment. Her claim is based upon the alleged negligence of defendant in failing to provide a safe place in which to work. The court granted defendant's motion for judgment notwithstanding the verdict and dismissed plaintiffs' claim with prejudice upon the ground there was insufficient evidence to sustain the verdict. Plaintiffs appeal.

At the time of the accident on April 25, 1969 the responsibility of Mrs. Kasparian as an employee of defendant consisted primarily of supplying defendant's branch banks with cashiers' checks, money orders and letters of transmittal. These checks, money orders and letters were stored in a vault containing three separate compartments located in the basement. One compartment was used by the accounting department, another by the cashiers' department for the storage of coin and currency, and the area between the two contained storage lockers for supplies. Both the accounting and cashier areas were separated from the supply area by means of floor-to-ceiling metal gates that were kept locked except when in use. The key to the supply area was kept by Mrs. Kasparian's supervisor, Mr. Powell, and anyone entering one of the three compartments in the vault was required to initial a "subsequent entry data sheet" and indicate thereon the time of his or her entrance and departure. Access to the supply area of the vault was limited to Mr. Powell, Mrs. Kasparian and a Mrs. Faubus, a fellow employee whose place Mrs. Kasparian was taking.

About 3:50 p.m. on April 25, 1969 Mrs. Kasparian entered the supply area of the vault to obtain a box of letters of transmittal requested by one of the branch banks. She reached over her head to secure these supplies from the top shelf and, after grasping them, stepped back and slipped on a screw or screws lying loose on the floor. Her injuries were received in the resulting fall. The small dimensions of the supply area were further limited to an area approximately 3 by 4 feet by various boxes of supplies which had been placed on the floor 1 week prior to the accident. The person in charge of the vault area was Mr. Heldenbrand, a vault teller. He testified there was no set cleaning schedule for the area but he called the janitor when he felt it needed cleaning. He did not know the last time a janitor was in the area prior to Mrs. Kasparian's fall, and the record indicates that no janitor's initials appeared on the "subsequent entry data sheet" for the month following plaintiff's fall.

Plaintiffs first contend the trial court erred in granting judgment notwithstanding the jury verdict. A motion for judgment n.o.v. involves no element of discretion and will not be granted unless the court can say as a matter of law that there is neither evidence, nor reasonable inference from evidence, sufficient to sustain the verdict. In ruling upon a motion for a judgment n.o.v. the evidence must be viewed in the light most favorable to the party against whom the motion is made, and all material evidence favorable to the contention of the party benefited by the verdict must be taken as true. If there is substantial evidence supporting the verdict of the jury, as distinguished from a mere scintilla of evidence, the verdict must stand. *Grange v. Finlay*, 58 Wn.2d 528, 364 P.2d 234 (1961); *Day v. Frazer*, 59 Wn.2d 659, 369 P.2d 859 (1962).

Although an employer is not an insurer with respect to the safety of his employees, he has a duty to furnish them with a reasonably safe place to work, and the employee has a right to assume the employer will fulfill that duty. *See Cummins v. Dufault*, 18 Wn.2d 274, 139 P.2d 308 (1943); *Myers v. Little Church by the Side of the Road*,

37 Wn.2d 897, 227 P.2d 165 (1951); *Greenleaf v. Puget Sound Bridge & Dredging Co.*, 58 Wn.2d 647, 364 P.2d 796 (1961). The employer's duty is not only to protect against dangers of which he has actual knowledge, but also to exercise reasonable care to make inspections to discover conditions which a reasonable man would discover. *White v. Consolidated Freight Lines*, 192 Wash. 146, 73 P.2d 358 (1937).

Viewing the evidence in the light most favorable to the plaintiffs, and drawing all reasonable inferences therefrom, we conclude there was substantial evidence to support a verdict for plaintiffs. The focal point of this conclusion is that there was no reasonable cleaning schedule established by defendant to keep the area safe. As stated in *Hull v. Davenport*, 93 Wash. 16, 19, 159 P. 1072 (1916):

> The duty of the master to exercise reasonable care to furnish the servant a reasonably safe place to work and reasonably safe appliances, and to promulgate and enforce a system of rules reasonably calculated to keep the place safe, is well established. What is reasonable care in a given situation, whether as applied to the question of primary negligence or that of contributory negligence, is always a question for the jury whenever upon the evidence reasonable minds might reach different conclusions.

*See, also, Siragusa v. Swedish Hosp.*, 60 Wn.2d 310, 373 P.2d 767 (1962).

There was evidence from which the jury could find that the presence of a loose screw or screws on the floor rendered the vault area an unsafe place to work, and that this condition resulted from defendant's failure to promulgate and enforce a system of rules reasonably calculated to keep it safe. This evidence was sufficient to support a verdict for plaintiffs.

Plaintiffs also claim it was error to instruct on contributory negligence. Since the jury verdict was for plaintiffs, we consider this assigned error only as it bears upon plaintiffs' remaining contention that a new trial should be granted on the issue of damages only.

■ As stated *Hughey v. Winthrop Motor Co.*, 61 Wn.2d 227, 377 P.2d 640 (1963), at 229:

> Contributory negligence is an affirmative defense and the burden of proving it rests on the defendant. If there is no evidence of contributory negligence, it is error to submit the issue to the jury.

*Schneider v. Midwest Coast Transp., Inc.*, 51 Wn.2d 673, 321 P.2d 260 (1958). Defendant does not point to anything Mrs. Kasparian did or failed to do which it contends constituted contributory negligence. Our review of the record does not disclose any evidence that her conduct fell below the standard of care required of her to use reasonable care for her own safety. In our view of the evidence the contributory negligence instruction should not have been given.

■ Finally, plaintiffs contend they are entitled to a new trial on the issue of damages only because of the inadequacy of the jury award. We agree. At the time of the accident Mrs. Kasparian was earning $360 a month. As a direct result of the injuries received she was unable to work for 15 months following the accident. There is no evidence to the contrary. Her total loss of wages was $5,400. Medical expenses incurred as a result of the injuries totaled $1,585.25. Thus her special damages totaled $6,985.25. There is substantial evidence that Mrs. Kasparian suffered additional general damages. The jury awarded her $4,000. It is a well-established principle of law that where the items of special damages are proved beyond the field of legitimate controversy and the jury verdict is less than that amount without allowance for pain and suffering, the verdict is inadequate per se and a new trial must be ordered to fix the amount of plaintiff's damages. *Lanegan v. Crauford*, 49 Wn.2d 562, 304 P.2d 953 (1956), and *Shaw v. Browning*, 59 Wn.2d 133, 367 P.2d 17 (1961). Plaintiff proved her special damages beyond the field of legitimate controversy.

■ As stated by the court in *Lanegan v. Crauford, supra* at 568:

> Upon instructions less favorable to the appellant than she was entited to, the jury resolved the issue of liability

in her favor. There seems to be no reason, therefore, to require a retrial on the issue of liability. *Winslow v. Mell*, 48 Wn. (2d) 581, 295 P. (2d) 319; *Owens v. Scott Publishing Co.*, 46 Wn. (2d) 666, 284 P. (2d) 296; *Fleming v. Seattle*, 45 Wn. (2d) 477, 275 P. (2d) 904; *McUne v. Fuqua*, 42 Wn. (2d) 65, 253 P. (2d) 632.

In view of our disposition of this case, plaintiffs' contentions that the trial court erred (1) in instructing the jury on the fellow-servant doctrine, and (2) in failing to instruct on res ipsa loquitur, need not be determined.

The judgment notwithstanding the verdict is reversed, the verdict of the jury on liability reinstated, and a new trial granted on the issue of damages only.

MUNSON, C.J., and GREEN, J., concur.

Petition for rehearing denied May 18, 1972.

Review denied by Supreme Court August 18, 1972.