[No. 1282-1.    Division One—Panel 1.    January 15, 1973.]

ILONA TUSNADI, *Appellant,* v. JERRY FRODLE *et al.,*
*Respondents.*

Reed, McClure, Moceri & Thonn, William R. Hickman, and Ronald J. Perey, for appellant.

Piehler & Allerdice and Robert J. Allerdice, for respondents.

CALLOW, J.—A jury awarded Mrs. Ilona Tusnadi $4,000 for the hip fracture she sustained when she fell from an unlighted exterior stairway leading to a deck on the house where she was to perform babysitting services. Following the verdict, the homeowner's motion for judgment notwithstanding the verdict was granted on the theory that Mrs. Tusnadi was contributorially negligent as a matter of law. The sole contention on appeal is that the court erred in refusing to accept the jury verdict.

At the time of the accident, Mrs. Tusnadi was 75 years old and in generally good health. She came to this country from Hungary in 1963 and lived with her son in Bellevue, Washington. She had often worked as a babysitter for families in the neighborhood and had performed these services for the defendants, Mr. and Mrs. Jerry Frodle, at their home some 30 or 40 times. Understanding and communication were difficult at the trial because she testified through an interpreter.

On March 24, 1970, between 8:30 and 9 p.m., Mrs. Tusnadi left her son's house adjacent to the Frodle residence and walked across the adjoining backyard to the Frodle's basement patio door, her usual entry. She found this door locked but saw Mrs. Frodle through the kitchen window on the second floor. A deck extends below this window, and stairs extend up an inset in this deck from the yard and basement level to the deck level. The photographs admitted in evidence show eight steps which ascend from the grass at an easy angle between a wall on the left and a rise in the ground level to the right. Mrs. Tusnadi started up the stairway and fell outward from the house on the second or third step. She testified that she had been up the stairs previously and that while they were dark, she could see the

upper part of the steps clearly but almost nothing of the remainder of the stairs. The other possible route to the house was darker than the stairway.

The court, prior to trial, granted, in part, motions for summary judgment ruling that the failure to erect handrails on the steps Mr. Frodle had built, which conformed to the Bellevue Building Code, constituted negligence per se and that this negligence was a proximate cause of the injury. The questions on contributory negligence and damages were specifically reserved for the consideration of the jury.

Our review is limited to determining the propriety of the granting of the motion for judgment notwithstanding the verdict.

> A challenge to the sufficiency of the evidence, a motion for involuntary nonsuit, a motion for a directed verdict, or a motion for judgment notwithstanding the verdict, admits, for the purpose of ruling on the motion, the truth of the nonmoving party's evidence and all reasonable inferences drawn therefrom. The motion requires that all evidence be interpreted in the light most favorable to the party against whom the motion is made and most strongly against the moving party. [Citations omitted.] No element of discretion is vested in the trial court in ruling upon the motion. If there are justifiable inferences from the evidence upon which reasonable minds might reach conclusions that would sustain a verdict, then the question is for the jury, not for the court. The motion may be granted only if it can properly be said as a matter of law that there is no evidence or reasonable inference therefrom to sustain a verdict for the nonmoving party.

*Moyer v. Clark,* 75 Wn.2d 800, 803, 454 P.2d 374 (1969). *See also Carrico v. Country Store,* 4 Wn. App. 567, 484 P.2d 412 (1971); *Sunde v. Tollett,* 2 Wn. App. 640, 469 P.2d 212, 41 A.L.R.3d 319 (1970). In ruling on a motion for judgment n.o.v., all the evidence favorable to the party benefited by the verdict must be taken as true. If there is a question from the evidence, then that question is to be answered by the jury. *Trudeau v. Haubrick,* 65 Wn.2d 286, 396 P.2d 805

242

.(1964); *Marsland v. Bullitt Co.*, 3 Wn. App. 286, 296, 474 P.2d 589 (1970).

■ It is usual for the existence of contributory negligence to be determined by a jury from all the facts. A trial court is justified in withdrawing the issue from the jury only in a clear case when substantial evidence to support the verdict is lacking. *Bauman v. Complita*, 66 Wn.2d 496, 403 P.2d 347 (1965); *Baxter v. Greyhound Corp.*, 65 Wn.2d 421, 397 P.2d 857 (1964); *Raybell v. State*, 6 Wn. App. 795, 496 P.2d 559 (1972).

■ We are satisfied that Mrs. Tusnadi's choice of the stairs rather than the other possible route, via the garage door, was not negligent since the route required walking in an area darker than the stairs. She did not bypass knowingly a safe, well-lighted route of entry to utilize a darker, more dangerous one. *Hendershott v. Modern Woodmen of America*, 66 Wash. 155, 119 P. 2 (1911). *See also Johnston v. Tourangeau*, 193 Minn. 635, 259 N.W. 187 (1935); *Fay v. 900 N. 63rd St. Corp.*, 137 Pa. Super. 496, 9 A.2d 483 (1939); Annot., 22 A.L.R.3d 286 (1968). The use of a darkened stairway is not negligence as a matter of law. *Ritter v. Norman*, 71 Wash. 563, 129 P. 103 (1913). *See also Bender v. White*, 199 Wash. 510, 92 P.2d 268 (1939); Annot., 23 A.L.R.3d 365 (1969). The choice to proceed up the stairs rather than by an alternate route was not negligence.

We turn to the question of whether her use of the stairs was negligent. In Trautman, *Motions Testing the Sufficiency of Evidence*, 42 Wash. L. Rev. 787, 805 (1967), we find:

> A motion for judgment n.o.v. is now the common method of raising the issue of the sufficiency of the evidence after a verdict has been rendered. The test is the same as that in a motion for a directed verdict. The evidence must be viewed in the light most favorable to the party against whom the motion is made, and all material evidence favorable to the contention of the party benefited by the verdict must be taken as true. Viewing the evidence in that light, the trial judge may not exercise discretion, but must determine as a matter

of law whether there is substantial evidence to support the verdict. The whole record will be looked to for the purpose of finding evidence to support the verdict. If indispensable testimony is, in effect, retracted or completely negatived by inconsistencies and contradictions in the testimony of a witness, that fact should be considered in ruling upon the motion. There is to be no weighing of the evidence on each side.

(Footnotes omitted.)

The trial court relied upon *Viles v. Thunborg,* 164 Wash. 190, 2 P.2d 666 (1931), which has been qualified by *Simpson v. Doe,* 39 Wn.2d 934, 239 P.2d 1051 (1952); *Olsen v. John Hamrick's Tacoma Theatres,* 9 Wn.2d 380, 115 P.2d 718 (1941); and *Hayden v. Colville Valley Nat'l Bank,* 180 Wash. 220, 39 P.2d 376 (1934). It was commented on, however, with approval in *Hammer v. Haggard,* 56 Wn.2d 744, 355 P.2d 334 (1960). The *Viles* case involved a "retracing" of steps as did the cases which applied its rule. The *Viles* case appears also to have been limited to obviously dangerous situations. Neither circumstance is present here.

Initially in her testimony, the response of the plaintiff to a question as to whether she "could see the stairs in a dark shadow, which stairs could you see?" She replied, "She just tried with her foot these steps." That answer, though objected to, was never struck by the trial court, remains a part of the testimony, and is the only testimony that she used some exploratory movement to orient herself before she proceeded up the steps. The jury could find this to be a reasonable precaution under the circumstances. *Fiskaa v. Miller,* 27 Wn.2d 242, 177 P.2d 707 (1947); *Allingham v. Long-Bell Lumber Co.,* 136 Wash. 681, 241 P. 298 (1925); *Jones v. Moran Bros. Co.,* 45 Wash. 391, 88 P. 626 (1907). The burden of proving contributory negligence is on the defendant who alleges it. *Roberts v. Larsen,* 71 Wn.2d 743, 431 P.2d 166 (1967); *McCully v. Fuller Brush Co.,* 68 Wn.2d 675, 415 P.2d 7 (1966); *Liesey v. Wheeler,* 60 Wn.2d 209, 373 P.2d 130 (1962). The court is seldom justified in removing the issue from the jury. *Cakowski v. Oleson,* 1 Wn. App. 780, 463 P.2d 673 (1970).

The jury could disregard the inconsistent testimony and believe her initial response. They were further justified in doing so considering the apparent confusion and difficulty of the plaintiff in understanding the questions and the apparent difficulty in translation. Further, the admitted photographs of the steps show these steps could have been deceptive. They did not rise at the usual angle but rose at a shallow slope. They were contained on the left side by the wall coming down from the deck level; and on the right-hand side, the rise of the ground was almost equal to the rise of the steps for the first two or three steps.

It was reasonable for the jury to infer from the circumstances that the plaintiff was not contributorially negligent. *Elmer v. Vanderford,* 74 Wn.2d 546, 445 P.2d 612 (1968); *Young v. Seattle,* 60 Wn.2d 805, 376 P.2d 443 (1962). Contributory negligence was not proven as a matter of law and was, therefore, a matter to be decided by the jury. They resolved the conflicts considering the exhibits, the difficulty with interpretation, the demeanor and gestures, if any, of the witness and her responses. Their verdict should not be overturned.

The judgment n.o.v. is reversed, and the verdict of the jury is reinstated.

HOROWITZ, C.J., and WILLIAMS, J., concur.