[No. 817-3. Division Three. March 15, 1974.]

WILLIAM J. MEECE, *Appellant,* v. CIRCLE BAR J BOYS' RANCH, INC., *et al., Respondents.*

*Howard K. Michaelsen* (of *Elkins & Michaelsen*), for appellant.

*Daniel W. Giboney* and *Brian B. Kennedy* (of *Turner, Stoeve, Gagliardi & Kennedy*), for respondents.

McINTURFF, J.—The jury returned a verdict for the plaintiff, but the trial court granted a judgment notwithstanding the verdict, finding that the plaintiff was contributorially negligent as a matter of law. Plaintiff appeals.

The plaintiff, who is 16 years old, brought this action to recover for personal injuries sustained in an accident involving a pickup truck owned by defendant Circle Bar J Boys' Ranch, Inc., ("Boys' Ranch"), and driven by its employee, defendant Lloyd Woleslagel. The center of attention is a portable "canopy" which covers the bed of the pickup. The plywood canopy consisted of a top and two sides, with benches attached to each side so residents of the Boys' Ranch could sit down inside the canopy. The floor was the bed of the pickup. When it was placed on the pickup, if the seats were properly in position, the triangular bracing under the seats rested against the flared outside edge of the pickup bed. Holes were cut in the seats, through which pegs were inserted, running into the pickup body receptacles to secure the canopy to the body of the truck.

The seats had become loose, necessitating their removal from the canopy so they could be moved slightly from one position on the canopy to another. Unsupervised, plaintiff reassembled the canopy, and in doing so reversed the seats so the bench designed for the right side of the canopy was placed on the left side, and vice versa. However, since the benches were placed on the opposite side of the canopy they were designed for, holes in the benches did not line up with the receptacles in the body of the truck, making it impossible for the pegs to connect the canopy and the truck. As a consequence, the canopy was riding some 4 inches higher

than normal, leaving the weight of the canopy itself the only force holding the canopy to the truck.

The improperly assembled canopy was placed onto the truck bed by plaintiff, two other juvenile residents of the ranch, and possibly by Woleslagel. Woleslagel denied he assisted in the placement of the canopy onto the pickup truck bed, but admitted he had observed or was present when the canopy was placed on the truck. Neither Woleslagel nor any other employee or supervisor of Boys' Ranch inspected the canopy to see that it was properly assembled or properly placed upon the pickup.

Plaintiff, along with another juvenile resident, Donald Miller, later got into the back of the truck for the ride to Spokane. During the trip the canopy began to vibrate, causing plaintiff and Miller to discover the seats were improperly installed. Miller stated that the plaintiff may have attempted to attract the attention of the driver by yelling; unable to do so, plaintiff leaned out the back of the truck to yell at Woleslagel. The vibration continued, and when Miller, who was sitting near the front of the canopy, stood up, removing his weight from one of the canopy seats, the canopy began to slide off the truck. Miller laid down on the floor of the pickup bed as the canopy passed over him, carrying plaintiff with it onto the highway.

Plaintiff's singular contention on appeal is that the trial court erred in granting judgment n.o.v.

■ In ruling on a motion for a judgment notwithstanding the verdict, the court must view the evidence in a light most favorable to the nonmoving party and all material evidence favorable to that party must be taken as true. *Carrico v. Country Store of Salem, Inc.*, 4 Wn. App. 567, 484 P.2d 412 (1971). The court, in granting a judgment notwithstanding the verdict, must be able to say as a matter of law that neither evidence nor reasonable inferences from evidence are sufficient to sustain the verdict. *Carrico v. Country Store of Salem, Inc.*, *supra*; *Kasparian v. Old Nat'l Bank*, 6 Wn. App. 514, 494 P.2d 505 (1972); *Moyer v. Clark*, 75 Wn.2d 800, 454 P.2d 374 (1969); *Tusnadi v. Frodle*, 8

Wn. App. 239, 505 P.2d 165 (1973). The court in *Moyer* stated at page 803:

A challenge to the sufficiency of the evidence, a motion for involuntary nonsuit, a motion for a directed verdict, or a motion for judgment notwithstanding the verdict, admits, for the purpose of ruling on the motion, the truth of the nonmoving party's evidence and all reasonable inferences drawn therefrom. The motion requires that all evidence be interpreted in the light most favorable to the party against whom the motion is made and most strongly against the moving party. *Hellriegel v. Tholl,* 69 Wn.2d 97, 417 P.2d 362 (1966); *Lockett v. Goodill,* 71 Wn.2d 654, 430 P.2d 589 (1967); *Smith v. B & I Sales Co.,* 74 Wn.2d 151, 443 P.2d 819 (1968). No element of discretion is vested in the trial court in ruling upon the motion. If there are justifiable inferences from the evidence upon which reasonable minds might reach conclusions that would sustain a verdict, then the question is for the jury, not for the court. The motion may be granted only if it can properly be said as a matter of law that there is no evidence or reasonable inference therefrom to sustain a verdict for the nonmoving party. *Miller v. Payless Drug Stores of Wash., Inc.,* 61 Wn.2d 651, 379 P.2d 932 (1963).

Therefore, if substantial evidence supports the verdict of the jury, the verdict must stand. *Grange v. Finlay,* 58 Wn.2d 528, 364 P.2d 234 (1961); *Carrico v. Country Store of Salem, Inc., supra.*

■  Generally, the court is justified in determining that contributory negligence exists as a matter of law only in the clearest of cases; where reasonable minds differ in interpreting the facts, contributory negligence must be submitted to the jury. *Carrico v. Country Store of Salem, Inc., supra; Tusnadi v. Frodle, supra.* In *Tusnadi,* at page 242 the court stated:

It is usual for the existence of contributory negligence to be determined by a jury from all the facts. A trial court is justified in withdrawing the issue from the jury only in a clear case when substantial evidence to support the verdict is lacking. *Bauman v. Complita,* 66 Wn.2d 496, 403 P.2d 347 (1965); *Baxter v. Greyhound Corp.,* 65

Wn.2d 421, 397 P.2d 857 (1964); *Raybell v. State,* 6 Wn. App. 795, 496 P.2d 559 (1972).

■ In *Johnson v. Mobile Crane Co.,* 1 Wn. App. 642, 645, 463 P.2d 250 (1969), the court stated:

Contributory negligence . . . is described by the Restatement (Second), Torts § 463 (1965) as "conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, which is a legally contributing cause cooperating with the negligence of the defendant in bringing about the plaintiff's harm." It is conduct which involves an undue risk of harm to the actor himself. Restatement (Second), Torts § 463(b) (1965); *Bauman v. Complita,* 66 Wn.2d 496, 403 P.2d 347 (1965).

The plaintiff is required to conform to the standard of the reasonable man of ordinary prudence under the same or similar circumstances. Restatement (Second), Torts § 464 (1965).

The critical issue is whether reasonable minds could differ concerning whether plaintiff's conduct failed to conform to the actions of a reasonable man of ordinary prudence under similar circumstances. *Carrico v. Country Store of Salem, Inc., supra; Tusnadi v. Frodle, supra.*

■ It must be kept in mind that generally the capacity of a 16-year-old boy for contributory negligence is a question of fact based on the child's age, intelligence and maturity. *See Graving v. Dorn,* 63 Wn.2d 236, 386 P.2d 621 (1963), and cases cited therein; 1 T. Shearman & A. Redfield, *Law of Negligence* § 94 (rev. ed. 1941); Restatement (Second) of Torts §§ 283A and 464 (1965); W. Prosser, *Torts* § 32, at 154-57 (4th ed. 1971).

The defendant contends that the plaintiff was guilty of the following five separate acts of negligence, any one of which was a direct proximate cause of the injury to plaintiff:

1. Disobeying the Boys' Ranch rules to remain seated while the truck was in motion.

2. Standing and going to the rear of the canopy and leaning out.

3. Inverting the seats and the reassembly of the canopy.

4. Failure to warn the driver by pounding on the rear window of the truck cab, when the error in assembly was discovered.

5. Failure to avoid being swept off the truck by lying on the floor, as was done by the uninjured Bob Miller, who was also a passenger under the canopy.

We view these contentions as presenting questions of whether plaintiff's conduct in two instances constituted contributory negligence as a matter of law. The initial instance of plaintiff's possible contributory negligence was his improper assembly of the canopy. The second instance of possible contributory negligence was his action immediately after discovery of the improperly assembled canopy. If reasonable minds could differ regarding whether plaintiff's conduct in these two instances failed to conform to the actions of a reasonable 16-year-old of like intelligence and maturity under similar circumstances, the question of contributory negligence was properly for the jury.

We conclude reasonable minds could differ in each instance, and that substantial evidence exists to support the giving of the contributory negligence instruction. Improper assembly of a homemade canopy without direction or supervision by a 16-year-old with average or above average intelligence and maturity presents a factual issue upon which reasonable minds could differ. The same reasoning applies to the plaintiff's actions after the canopy began to vibrate—his actions may not have been the ideal solution under the circumstances, but that is not the test.

Judgment of the trial court setting aside the verdict of the jury is reversed.

GREEN, C.J., and MUNSON, JJ., concur.

Petition for rehearing denied April 18, 1974.

Review denied by Supreme Court June 24, 1974.