DONALD ROCKEFELLER *et al., Appellants,* v. STANDARD OIL COMPANY OF CALIFORNIA, *Respondent.*

*Koenigsberg, Brown, Sinsheimer, Stone & Meltzer* and *Edwin S. Stone,* for appellants.

*Karr, Tuttle, Koch, Campbell, Mawer & Morrow* and *Robert P. Karr,* for respondent.

FARRIS, J.—On May 5, 1967, Donald Rockefeller, with his wife Janice as a passenger, drove his pickup truck toward a Standard Oil service station at Snoqualmie Pass summit. At approximately 4 feet west of the boundary of the service station, the left wheels of the truck ran into a ditch which was located on property owned by the State of Washington. The Rockefellers alleged injury and brought action against

Standard Oil for property damage to their truck and personal injuries to Janice Rockefeller. They allege that Standard Oil was negligent in not posting warnings to the general public regarding the ditch and in not providing adequate illumination or otherwise making the ditch visible to the general public. The matter was tried to a jury which returned a verdict in the sum of $10,000. The trial court denied Standard Oil's motion for a new trial but entered judgment n.o.v. in favor of Standard Oil, stating:

> that plaintiffs as a matter of law have failed to prove any negligence on the part of Standard Oil which caused the accident and, . . . there is no evidence or reasonable inference from the evidence to sustain said verdict.

The Rockefellers appeal; we reverse.

In ruling on a motion for judgment notwithstanding the verdict, the court must view the evidence in a light most favorable to the nonmoving party, and all material evidence favorable to that party must be taken as true. *Meece v. Circle Bar J Boys' Ranch, Inc.*, 10 Wn. App. 740, 519 P.2d 1400 (1974). Such a motion should be granted only when it can be stated as a matter of law that there is no evidence to sustain a verdict. If there is substantial evidence to support a jury verdict, it is error to grant a judgment n.o.v. *Meece v. Circle Bar J Boys' Ranch, Inc., supra.*

Evidence was introduced from which the jury could have found that a ditch 4- to 5-feet wide and 3½-feet deep was located approximately 4 feet west of the boundary of the service station property; that Standard Oil knew of the ditch for several weeks prior to the accident; that Standard Oil failed to provide lighting on the west end of its property near the ditch; that a light illuminated the east end of the station and a light which had illuminated the west end of the property had fallen or been taken down several days prior to the accident and had not been replaced; that no signs or barriers were erected to warn of the ditch; that on the night in question Rockefeller attempted to enter the service station over land which appeared flat with no hidden hazards; and that a 160-foot blacktopped entrance to

the station was obscured because of darkness and hard rain which had left a cover of water on the road of sufficient depth to cause some traffic to "hydroplane."

■■ Standard Oil owed a duty to its business invitees of safe ingress and egress from its property. *Baltzelle v. Doces Sixth Ave., Inc.,* 5 Wn. App. 771, 490 P.2d 1331 (1971). Whether this duty was discharged was a proper question for the jury. To incur liability, Standard Oil need not own or control the property on which the hazard was located, nor is it required that Standard Oil create the hazard. The record contains evidence from which the jury could reasonably have concluded that the hazard created a foreseeable risk of harm to Standard Oil's business invitees and that Standard Oil knew of its presence and should have taken reasonable precautions to eliminate it by, for example, posting warnings or barriers or providing adequate illumination. Nothing more was required. *See Chapman v. Parking, Inc.,* 329 S.W.2d 439 (Tex. Civ. App. 1959); Annot., 39 A.L.R.3d 579 (1971). It was error to set aside the verdict.

Standard Oil argues that its motion for a new trial should be granted if we reverse the judgment n.o.v. for the reason that the trial court erred in giving instruction No. 10:

> An owner or occupier of property adjacent to a public street has a duty to exercise ordinary care in connection with the use or condition of his property so as not to render the adjacent way unsafe for ordinary travel or to cause injury to persons using it.

While another instruction might have more accurately stated the issue posed by the facts, the record does not reflect that Standard Oil sufficiently apprised the trial court of the reasons for its objection.[1] *See* CR 51(f); *State v.*

---

[1] "We further take exception to the Court's instruction no. 10, which is Washington Pattern Instruction 135.01, for the reason that law refers to the owner's responsibility on property in connection with the owner's use or condition of his property.

"The cases that support that the user is responsible, or the occupier

*Scott,* 77 Wn.2d 246, 461 P.2d 338 (1969); *Dravo Corp. v. L.W. Moses Co.,* 6 Wn. App. 74, 492 P.2d 1058 (1971).

Reversed and remanded for entry of judgment on the verdict.

HOROWITZ and WILLIAMS, JJ., concur.

[No. 2143-1.   Division One.   July 1, 1974.]

of land is responsible for conditions on the adjacent way, are those of discharging water on the adjacent way and thereby causing a problem to the user of that adjacent way, or cutting of a tree and causing it to fall on someone, or on the adjacent way.

"I take no further exceptions to the instructions."