[No. 4173–1. Division One. May 9, 1977.]

PACIFIC NATIONAL BANK OF WASHINGTON, *Appellant*, v.
WILLIAM EDWARD MORRISSEY, ET AL, *Defendants*,
FOSTER AND MARSHALL, INC.,
*Respondent.*

*Keller, Rohrback, Waldo & Hiscock, David F. Hiscock,* and *Jon Marvin Jonsson,* for appellant.

*Foster, Pepper & Riviera* and *Daniel J. Riviera,* for respondent.

FARRIS, C.J.—In the fall of 1972, Nettie Quast, then an 82–year–old widow, became acquainted with William Morrissey, a 50–year–old twice convicted felon. Thereafter, Morrissey began assisting in the management of her business affairs. On her behalf and with her funds, he purchased and remodeled the home next to hers. He also delivered for sale stock in her name valued at $757,700+ to Howard Adler of Foster & Marshall. The transfers were made in her name but the proceeds were retained by Morrissey.

This action was commenced by Pacific National Bank, as guardian of Nettie Quast, an incompetent, against Morrissey, Adler, and Foster & Marshall to recover the proceeds of the sale of stock.

At trial, PNB sought $470,708, the difference between the value of the stock sold and the sum of $287,022 which was recovered prior to trial. PNB alleged that Nettie Quast was incompetent at the time of the transfers and that Foster & Marshall, through Adler, knew or should have known of her condition and that this breach of duty was the proximate cause of the loss she sustained. The trial resulted in a jury verdict of $245,000. The trial court, however, entered judgment n.o.v. dismissing the action and, in the alternative, granted a new trial.[1] PNB appealed.

[1]The trial court's order granting judgment n.o.v. or, in the alternative, a new trial, concluded:

"1. The defendant is entitled to a judgment notwithstanding the verdict because the fact of incompetency was not shown by evidence which was clear, cogent and convincing, sufficient to present an issue. There was no substantial evidence to support the claim.

■ We reiterated the standard for ruling on a motion for judgment n.o.v. in *Rockefeller v. Standard Oil Co.*, 11 Wn. App. 520, 521, 523 P.2d 1207 (1974):

[T]he court must view the evidence in a light most favorable to the nonmoving party, and all material evidence favorable to that party must be taken as true. *Meece v. Circle Bar J Boys' Ranch, Inc.*, 10 Wn. App. 740, 519 P.2d 1400 (1974). Such a motion should be granted only when it can be stated as a matter of law that there is no evidence to sustain a verdict. If there is substantial evidence to support a jury verdict, it is error to grant a judgment n.o.v. *Meece v. Circle Bar J Boys' Ranch, Inc., supra.*

*Accord, Sepich v. Department of Labor & Indus.*, 75 Wn.2d 312, 450 P.2d 940 (1969); *Grange v. Finlay*, 58 Wn.2d 528, 364 P.2d 234 (1961).

Viewing the evidence, as we must, in a light most favorable to PNB, we cannot say that as a matter of law the evidence presented is insufficient to support the jury's verdict. There is evidence in the record from which the jury could conclude that Nettie Quast was incompetent at the time of the transactions, that in the exercise of ordinary care Foster & Marshall knew or should have known of her incompetency and that their failure to recognize her incompetence

"2. The defendant is entitled to a judgment notwithstanding the verdict because the overwhelming preponderance of the evidence conclusively established (a) competency of Nettie Quast at the times involved in these transactions; and (b) no knowledge by the defendant of incompetency (if such be assumed); and conclusively did not establish (c) a failure of the defendant to use ordinary care in dealing with Nettie Quast (if incompetency be assumed) that would apprise them of the assumed condition; or (d) that the acts of defendant were the proximate cause of any loss. No issue was left for the jury as to each of these factors. There was no substantial evidence to support the plaintiff's claim.

"3. The argument of counsel for plaintiff constituted misconduct of a party by which a fair trial was not accorded the adverse party and a new trial should be granted.

"4. The decision reached by the jury was not in accord with the instructions nor the evidence in the case and a new trial should be granted. The only conclusion to be deduced is that the verdict represented a compromise and is improper.

"5. On the basis of each and all of the findings set forth above, whether from mistake, prejudice or other cause, the jury has erred and found against the clear, fair preponderance of the evidence. Substantial justice has not been done and a new trial should be granted."

was the proximate cause of the damages which occurred. Foster & Marshall contends that the instructions dictated a verdict of $470,708 or nothing. We have carefully reviewed the record. It fails to support the contention.

Foster & Marshall also argues that in any event the trial court's alternative granting of a new trial should be upheld. They contend that the verdict, on its face, is an improper compromise, the result of passion and prejudice, and directly attributable to counsel misconduct, all grounds which support the trial court's order granting a new trial.

The appropriate standard for determining the propriety of a trial court's order granting a new trial depends upon whether the order is predicated upon a rule of law or a matter within the court's discretion. In the latter case, this court will not intervene unless it can be shown that the trial court manifestly abused its discretion. *Detrick v. Garretson Packing Co.*, 73 Wn.2d 804, 440 P.2d 834 (1968). In addition,

> a much stronger showing of an abuse of discretion will ordinarily be required to set aside an order granting a new trial than one denying a new trial.

*Detrick v. Garretson Packing Co., supra* at 812. However, in the former case, where no discretion is involved, such deference is not required. *Johnson v. Howard,* 45 Wn.2d 433, 275 P.2d 736 (1954).

It was error for the trial court to grant a new trial because of the alleged misconduct of counsel. The record reflects that during closing argument at trial, counsel for PNB characterized as "silly" and "invalid" a will executed by Nettie Quast during the time of the stock transactions. The will had been witnessed by the counsel for PNB and one of his associates after the transactions which gave rise to this cause of action. The attorneys, as witnesses to the will, attested to the competency of Nettie Quast. The will was introduced into evidence by the defense. An objection, made to the attorney's comment during closing argument, was sustained. Further, Foster & Marshall's proposed jury

instruction No. 19, concerning the duty of attesting witnesses of a will, was adopted by the court and given as instruction No. 10. Nothing more was requested or required of the court. Further, a court entertaining a motion for a new trial may not weigh the evidence and "simply substitute its judgment for that of the jury, . . ." *State v. Hall*, 74 Wn.2d 726, 727, 446 P.2d 323 (1968). Before a trial court grants a new trial on factual grounds, it must find

the verdict . . . so manifestly inconsistent and irreconcilable with the total evidentiary composition—viewed in the favorable light required—as to compel the conclusion that the moving party has been deprived of a fair trial.

*State v. Hall, supra* at 727.

The record is sufficient to support the jury's verdict; it does not compel the conclusion that Foster & Marshall was deprived of a fair trial.

We reverse and remand for the entry of judgment on the jury verdict.

WILLIAMS and CALLOW, JJ., concur.

Petition for rehearing denied September 28, 1977.

Review by Supreme Court pending March 3, 1978.