[No. 6729–1.  Division One.  September 17, 1979.]

LEXIE SCHNEIDER, ET AL, *Respondents,* v. THE
CITY OF SEATTLE, ET AL, *Appellants.*

*Douglas N. Jewett, City Attorney, J. Roger Nowell, Assistant, Hackett, Beecher, Hart, Branom & Vavrichek, James M. Beecher,* and *Richard W. Olson,* for appellants.

*Peterson, Bracelin, Young & Putra, Christopher E. Young,* and *Brian A. Putra,* for respondents.

SWANSON, A.C.J.—In an action for personal injuries brought against the City of Seattle and Daviscourt Construction Company based upon the attractive nuisance theory, the City and Daviscourt appeal the granting of a new trial following a jury verdict in their favor. We hold the trial court erred in granting a new trial and thus reinstate the jury verdict.

In 1975, Gasworks Park in Seattle was under construction. A permanent structure in the park was a group of tanks and towers utilized during the site's industrial era. A cyclone fence surrounded the park area, "Keep Out" signs were posted, and "Danger—Keep Off" signs were stenciled on the towers. The towers were also structurally modified to impede access. Regardless, trespassers often entered the area and climbed among the towers.

Parke Schneider, age 10, climbed to the top of one tower from which he fell a distance of nearly five stories. He sustained numerous injuries and possibly permanent brain damage.

Lexie Schneider, as guardian ad litem for Parke, brought an action against the City, the construction company, and the architect, on the theory of attractive nuisance. The jury

returned a verdict in favor of defendants. Schneider moved for a new trial, contending the trial court erred in refusing a proffered instruction elaborating upon the "ordinary care" test to be applied to a minor. The trial court disagreed but decided on its own motion to grant a new trial, reasoning the pattern attractive nuisance instruction was no longer correct in view of the adoption of comparative negligence in this state.

Although a landowner "owes no duty to a trespasser, except to refrain from causing willful or wanton injury to him. . . . concern for the welfare and safety of children has led to the development of the attractive nuisance doctrine." *Ochampaugh v. Seattle,* 91 Wn.2d 514, 518, 588 P.2d 1351 (1979). The elements of the attractive nuisance doctrine were defined at trial as follows, based upon WPI 120.04:

> The attractive nuisance doctrine is composed of the five (5) following elements, each of which must be present in order for the doctrine to be applicable.
>
> First: that a condition or instrumentality existed which was dangerous in itself and likely to or probably would cause injury to those coming into contact with it;
>
> Second: that it was attractive or enticing to young children;
>
> Third: that plaintiff was incapable, by reason of his age, of comprehending the danger involved;
>
> Fourth: that it was left unguarded and exposed at a place where children of tender years were accustomed to resort, for play or amusement or gratification of youthful curiosity; and
>
> Fifth: that it was reasonably practicable and feasible either to prevent access by children or else to render it innocuous without obstructing any reasonable purpose or use for which it was intended.

*See Ochampaugh v. Seattle, supra; Holland v. Niemi,* 55 Wn.2d 85, 345 P.2d 1106 (1959); *Schock v. Ringling Bros. & Barnum & Bailey Combined Shows,* 5 Wn.2d 599, 105 P.2d 838 (1940). *See also* Restatement (Second) of Torts § 339 (1965). The Schneiders did not object to the giving of this instruction but, in fact, requested same.

The trial court granted a new trial sua sponte pursuant to CR 59(a)(9)—"[t]hat substantial justice has not been done"—reasoning that element (3) of the instruction requiring plaintiff to prove incapacity to comprehend a danger by reason of age, precluded application of the comparative negligence rationale.[1] In the findings and order granting new trial, the court concluded:

4. That the present Washington Pattern Instruction on attractive nuisance, WPI No. 120.04, was not revised or modified by the Washington Supreme Court Committee on Jury Instructions (which committee was appointed by the Washington Supreme Court to review and rewrite Washington Pattern Instructions), since the time that comparative negligence became the law in this state.

5. That the present Washington Pattern Instruction on attractive nuisance, WPI 120.04, and most particularly element number three (3) thereof, is not a correct instruction to be given under present Washington comparative negligence law, because said instruction bars a finding of liability if there is any contributory negligence on the part of the minor plaintiff, i.e. he is, to any degree, capable of comprehending the danger.

6. That substantial justice has not been done to plaintiff Parke Schneider in this case by reason of the Court's giving of Washington Pattern Instruction 120.04 on attractive nuisance, because said instruction required plaintiffs to prove, and the jury to find, no capability of comprehending the danger *before* defendants' liability could be established, thereby denying to plaintiff Parke Schneider the application of, and possible benefit of, present Washington comparative negligence law.

On appeal, the City argues the trial court lacked discretion to grant a new trial and that the change in the law of contributory negligence has no bearing on the attractive

---

[1]Since 1973, RCW 4.22.010 has provided:

"Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages caused by negligence resulting in death or in injury to person or property, but any damages allowed shall be diminished in proportion to the percentage of negligence attributable to the party recovering."

nuisance doctrine. The Schneiders disagree and argue further that the new trial order should be upheld on the ground that the trial court erred in refusing to give their requested instruction regarding the evaluation of a child's "ordinary care."

■ Initially, we must define the standard by which the instant granting of a new trial should be reviewed.[2] The deference to be paid a trial court's reasoning on review relates directly to the degree of discretion inherent therein. As stated by the court in *Johnson v. Howard,* 45 Wn.2d 433, 436, 275 P.2d 736 (1954):

> We start with the recognized principle that an order granting or denying a new trial is not to be reversed, except for an abuse of discretion. *Huntington v. Clallam Grain Co.,* 175 Wash. 310, 27 P. (2d) 583. This principle is subject to the limitation that, to the extent that such an order is predicated upon rulings as to the law, such as those involving the admissibility of evidence or the correctness of an instruction, no element of discretion is involved.

*See Detrick v. Garretson Packing Co.,* 73 Wn.2d 804, 812, 440 P.2d 834 (1968); *Lyster v. Metzger,* 68 Wn.2d 216, 226, 412 P.2d 340 (1966). Thus, the reason recited in an order granting a new trial forms the basis for a standard of review. "If the reason given is predicated upon an issue of law, the appellate court reviews for error only, not for abuse of discretion." *Braden v. Rees,* 5 Wn. App. 106, 110, 485

---

[2]We note the general rule that an instruction not excepted to becomes the law of the case and may not properly serve as the basis for an order granting a new trial. *Sargent v. Safeway Stores, Inc.,* 67 Wn.2d 941, 410 P.2d 918 (1966); *Pritchett v. Seattle,* 53 Wn.2d 521, 335 P.2d 31 (1959). Here, however, the Schneiders' theory of the case—particularly their argument regarding the application of comparative negligence to the attractive nuisance doctrine—was clear to the trial court. Where the trial court is adequately apprised of an issue, error has been held to be preserved. *State v. Ross,* 20 Wn. App. 448, 580 P.2d 1110 (1978); *State v. Colwash,* 15 Wn. App. 530, 550 P.2d 57 (1976), *aff'd,* 88 Wn.2d 468, 564 P.2d 781 (1977). Because of the status of the issue below and the important legal questions posed thereby, we choose to treat the alleged error as properly preserved and review the new trial order substantively rather than procedurally.

P.2d 995 (1971). *See Pacific Nat'l Bank v. Morrissey,* 17 Wn. App. 525, 564 P.2d 337 (1977).

Here the trial court granted a new trial solely on the grounds of its evaluation of the legal accuracy of the attractive nuisance instruction. Whether that instruction constitutes a correct statement of the attractive nuisance doctrine in this jurisdiction is an issue of law. Thus, we review for error only, as no discretion inures in the trial court's decision.

The dispositive issue before us may be posed as follows: As a result of the enactment of RCW 4.22.010, making a plaintiff's negligence a factor mitigating potential recovery rather than totally barring same, does the element of this jurisdiction's attractive nuisance doctrine requiring a plaintiff to prove incapacity to comprehend a danger improperly or illogically preclude a substantially just result? The Schneiders argue the element of incapacity arose in recognition of the old contributory negligence rule and now serves to further that philosophy. They contend the policy decision to alter the effect upon recovery of a plaintiff's contributory negligence mandates a change in the law of attractive nuisance, as any capacity of a child to comprehend the subject danger will bar an attractive nuisance recovery regardless of the degree of negligence of the child in not responding to such potential comprehension.

We cannot agree. The concepts of contributory and comparative negligence are affirmative defenses and speak solely to potential recovery for an established tort. The change in policy embodied by RCW 4.22.010 bears no relation to the underlying causes of action by which a defendant's negligence may be alleged and proven. As noted by the court in *Godfrey v. State,* 84 Wn.2d 959, 964–65, 530 P.2d 630 (1975):

> Contributory negligence does not exist in a vacuum. Such affirmative defense presupposes negligence on the part of the defendant. If a defendant is not negligent and a plaintiff suffers injury as a result of his own negligence, it can only be said that plaintiff's injury was caused by his

own *primary* negligence, not his contributory negligence. In other words, contributory negligence is a matter of affirmative *defense* that comes into being only after plaintiff has first established defendant's negligence and liability. Contributory negligence can exist only as a coordinate or counterpart of a defendant's negligence. . . .

. . .
Consequently, RCW 4.22.010 does not change *liability* for the consequences of negligence. It only substitutes a concept of partial recovery for the common–law total bar to recovery.

Other authorities and jurisdictions agree that the question of contributory or comparative negligence exists separate and apart from the issue of whether an attractive nuisance standard of negligence has been met.

Of course, even if the child is held to be within the attractive nuisance doctrine, the question of his contributory negligence, in the light of all relevant circumstances, will have to be decided. But that question is different from the one of whether or not the protection of the attractive nuisance doctrine should be available to him.

2 Harper & James, *Torts* § 27.5 n.54 (1956). *See Pocholec v. Giustina*, 224 Ore. 245, 355 P.2d 1104 (1960); *Courtell v. McEachen*, 51 Cal. 2d 448, 334 P.2d 870 (1959); *Nechodomu v. Lindstrom*, 273 Wis. 313, 77 N.W.2d 707, 78 N.W.2d 417 (1956).

Thus, even if the incapacity element of the attractive nuisance theory in Washington in effect bars recovery as the result of a child's negligence, the enactment of RCW 4.22.010 does not render such illogical or improper. The basis of the attractive nuisance doctrine is generally recognized to be "merely the ordinary negligence basis of a duty of reasonable care not to inflict foreseeable harm on another, . . ." Restatement (Second) of Torts § 339, comment *b*, at 198 (1965). *See Ochampaugh v. Seattle, supra* at 519; *Nechodomu v. Lindstrom, supra* at 315. ("The law of attractive nuisance is but a phase of the law of negligence, . . .") The capacity, or lack thereof, of a child to

comprehend danger "is not merely a matter of contributory negligence, but of lack of duty to the child." W. Prosser, *Handbook of the Law of Torts* § 59, at 373 (4th ed. 1971).

In this jurisdiction, the element of incapacity restricts the class to which a duty is owed. What the Schneiders propose involves enlarging the protected class of the attractive nuisance doctrine by amending the incapacity element to one of a child's actual knowledge. If, by this rationale, a plaintiff establishes he had no knowledge of the subject danger and demonstrates the other attractive nuisance elements, then a defendant landowner could argue as an affirmative defense that a reasonable child of like age and experience would have comprehended the danger, and thus the plaintiff was negligent. The trier of fact would then arrive at the percentage of negligence attributable to the plaintiff and reduce recovery accordingly.

While some liberalization of the law of attractive nuisance in Washington may be advisable,[3] the instant legal question involving RCW 4.22.010 does not require or even bear upon such a change. Although we sympathize with the Schneiders over the tragic nature of the accident precipitating this lawsuit, we refuse to unilaterally alter the attractive nuisance doctrine in this state solely on the basis of a harsh set of facts.

The final issue before us turns on an instruction requested by the Schneiders and refused. The proposed instruction, patterned after a Wisconsin comparative negligence instruction, reads,

> At the time of the accident involved in this case plaintiff Parke Schneider was ten years of age. The care required of such a child depends upon his age, capacity, discretion, knowledge and experience. Negligence on the

---

[3]The Restatement (Second) of Torts arguably permits the trier of fact greater leeway in deciding whether the attractive nuisance doctrine applies, as its element relating to a child's knowledge reads,
> [T]he children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, . . .

Restatement (Second) of Torts § 339, at 197 (1965).

part of a child is failure to exercise that degree of care which is ordinarily exercised by a child of the same age, capacity, discretion, knowledge, and experience, under the same or similar circumstances.

In determining whether or not Parke Schneider was exercising the care that one of his age, capacity, discretion, knowledge and experience would exercise under the same or similar circumstances, due consideration should be given to the child's instincts and impulses for while the child may have the knowledge of an adult respecting dangerous act, he may not have the prudence, discretion, or thoughtfulness to avoid hazards or risks to which he is exposed.

The trial court rejected this instruction, instead giving Washington Pattern Instruction 10.05 which states,

In considering the claimed negligence of a child, you are instructed that it is the duty of a child to exercise the same care that a reasonably careful child of the same age, intelligence, maturity, training and experience would exercise under the same or similar circumstances.

The Schneiders argue their proposed instruction would have provided the jury "a rational basis on which to evaluate Parke Schneider's capacity to appreciate the dangers of the Gas Works Park." We cannot agree. Again, the threshold question of the alleged negligence of the defendants and the secondary question of comparative negligence are being confused. Any comparative negligence on the part of Parke Schneider does not come into play until an attractive nuisance has been established. The question of incapacity of a plaintiff to appreciate danger must involve a subjective evaluation by the trier of fact; the test for contributory or comparative negligence turns on a reasonable person or child standard and is therefore objective. *See* 2 Harper & James, *Torts* § 16.8, at 924 (1956); *Nechodomu v. Lindstrom,* *supra* at 315. Thus, varying definitions of the standard of care of a reasonable child have no bearing on whether a particular "plaintiff was incapable, by reason of his age, of comprehending the danger involved."

The trial court erred in granting a new trial. The jury verdict in favor of defendant City of Seattle and Daviscourt Construction Company shall be reinstated.

FARRIS and DORE, JJ., concur.

Reconsideration denied October 25, 1979.

Review denied by Supreme Court February 15, 1980.